## NEW YORK COMMON PLEAS.

### BININGER agt. WATTLES, and others.

A *name* which is used to designate an article and denote its quality, is never the subject of a *trade mark*, as "Old London Dock Gin."

But where the *name of the manufacturer* is appended to such title, and a style of bottle and label which have a *general resemblance* of form, symbols and accompaniments to those of the plaintiff, calculated to deceive the public, the plaintiff will be protected by injunction from such violation.

*New York Special Term, January,* 1865.

MOTION by defendants to dissolve an injunction.

BRADY, J. The plaintiff in this case has no property in the title "Old London Dock Gin." These words do not denote the goods. or property, or particular place of business of the plaintiff, but only the nature, kind or quality of the article in which he deals. The plaintiff would not, therefore, be entitled to any protection against the defendant's use of that title merely. They have gone further, however, in their appropriations, and have used not only the name of Bininger, but have also adopted a style of bottle and label which have a general resemblance of form, symbols and accompaniments to those of the plaintiff, and

are therefore calculated to mislead the public. It follows, however, if there be no title to the designation adopted by the plaintiff, by which his article of gin should be known, that any person of a name similar to his would be also authorized to call his gin Bininger's old London dock gin, and that the plaintiff would be remediless even in that case. The point of departure from strict legal right commences when the defendants employ a label bearing a general resemblance of form, color, words and symbols, calculated to create the impression that their gin was that sold by the plaintiff, and in that way to deceive the public. The authorities to which I have referred, and which I here subjoin, sustain the propositions herein stated. (*Wolf* agt. *Goulard*, 18 *How. P. R.* 64; *Burgess* agt. *Burgess*, 17 *L. &c E. Rep.* 257; *Amoskeag Manufacturing Co.* agt. *Speer*, 2 *Sand. S. C. R.* 599; *Fetridge* agt. *Wells*, 13 *How. P. R.* 385; *Leighton* agt. *Bolton*, 3 *Dou.* 293; *Perry* agt. *Truett*, 6 *Beavan*, 66; *Merrimack Manufacturing Co.* agt. *Garner*, 4 *E. D. Smith's R.* 387; *Croft* agt. *Daly*, 1 *Beavan*, 84; *Corwin* agt. *Daly*, 7 *Bosw.* 222.) I refrain from expressing any opinion upon the mode in which the defendant procured the right to use the word Bininger, and also from expressing an opinion upon the truthfulness of the plaintiff's designation (Old London Dock Gin), inasmuch as the parties should have the opportunity to furnish such evidence in relation to both of these questions as they may have the power to produce. I am satisfied, nevertheless, that the application to dissolve the injunction should not be granted upon the ground that the defendants have, without authority, imitated the label of the plaintiff in such a way as to deceive the public.

Motion denied with $10 costs, to abide the event.