Barrett, J.
—The present is distinguishable from that class of cases of which Messerole v. Tynberg, 4 Abb. Pr. N. S., 410, and Newman v. Alvord, 40 Barb., 588, are the most recent, as well as the most distinctively advanced in principle, in this, that the popular word “ dessicated,” here sought to be burdened with a new and exclusive use, is specially descriptive of the article sold ; in fact, it is the only word which correctly describes the process whereby this particular preparation of codfish is produced.
No manufacturer can acquire a special property in an ordinary term or expression, the use of which as an entirety is essential to the correct and truthful designation of a particular article or compound. The courts have gone a long way, and with plain justice, in protecting the honest and enterprising "manufacturer of any good and *220 useful article from the unscrupulous pirating of his special reputation; hut they have "been equally careful to prevent any attempted monopoly of that which is common to all (Corwin v. Daly, 7 Bosw., 222 ; Bininger v. Wattles, 28 How. Pr., 206 ; Wolfe v. Groulard, 18 Id., 64; Amoskeag Manufacturing Co. v. Spear, 2 Sandf., 599 ; Brooklyn White Lead Co. v. Masury, 25 Barb., 417 ; Burgess v. Burgess, 17 Eng. L. & Eq., 257 ; Perry v. Puffit, 6 Beav., 66 ; Singleton v. Bolton, 3 Doug., 293 ; Millington v. Fox, 3 Mylne & C., 338).
Here each party has as much right to dessicate codfish as he has to dry or preserve fruits, or to pickle or spice oysters and salmon; and it is a sequence to this right that he may sell the article thus produced, under the designation which is strictly appropriate to the altered or modified condition of the principal ingredient. Indeed, the use of such designation is in my judgment a moral obligation upon the manufacturer, for to dessicate codfish and then sell it as a preparation produced by other means,, would be a concealment of fact, and a species of trade charlatanism. The court will certainly neither prevent people from calling things by their right names nor force a misnomer upon them. The plaintiff may distinguish his “ dessicated codfish ” as the “Bismarck” (see Messerole v. Tynberg, supra), or the “Von Beust” or by the prefix of any other proper name or common word not previously applied in that, connection, and not essential to the truthful designation of the article produced, and he will be protected in its exclusive use. But he can no more acquire a special property in the word “dessicated,” as applicable to an article which has undergone that process, than he can to the words “dried,” “preserved,” or “pickled,” as applied to that which has, in fact, been thus treated.
It should be added that no attempt has been made to deceive the public, or to palm off the defendants’ dessicated codfish as that of the plaintiff’s manufacture. On the contrary, pains seem to have been taken to render the two articles as dissimilar as possible. The one is put up *221 in boxes, the other in packages ; the labels are of opposite colors and designs, and the types of different sizes, and the reading matter varied; while for the codfish which engraved upon the plaintiff’s label, and which constitutes, as indeed the stamp expressly indicates, his real “ trademark,” the defendants have substituted something which bears a feeble resemblance to a soft-shell crab. No purchaser can mistake the one preparation for the other, and the defendants’ intention' is perfectly clear. It is, while using the word clessicated, as we have seen is their right, to sell the article produced as codfish of their own, and not of the plaintiff’s dessication.
The motion to dissolve the injunction must therefore be granted.