THE MERRIMACK MANUFACTURING COMPANY v. THOMAS GAR-
NER and others.

The plaintiffs, a corporation under the name of the Merrimack Manufacturing
Company, had long been the manufacturers of prints known as the "Merri-
mack Prints," and had used trade marks of different devices, but all distin-
guished by the word "Merrimack." The label now in use by them had the
words, "Merrimack Prints, Fast Colors, Lowell, Mass.," in a floral wreath.
The defendants were now selling prints of their own manufacture under a
label having the words, "English Free Trade, Merrimack Style, Warranted
Fast Colors," also in a floral wreath. The labels were of about the same
size and color. The wreath and exterior border were lighter and more open
in one than in the other. The most prominent words were "Merrimack
Prints" and "Merrimack Style," respectively. The inscriptions occupied one
two, and the other three lines. In an action to restrain the use of the de
fendants' label and for an account of profits realized from such use, the an
swer, without disputing the plaintiffs' right to their trade mark, denied fraud
or intention to imitate; and alleged their object to be to advertise that their
goods were simply of the Merrimack style, and averred that their prints
were equal in quality to those of the plaintiffs. On a motion for an injunc-
tion *pendente lite, held,* that although there was an evident resemblance be-
tween the labels, the court could not say, upon comparing them, that the
mass of purchasers would be deceived to the plaintiffs' injury, nor that a
fraudulent intention to imitate was so manifest as to warrant an injunction
until the plaintiffs should establish their case upon a trial of the issues raised
in the pleadings. Per DALY, J., INGRAHAM, FIRST J., *concurring;* WOODRUFF,
J., *dissenting.*

Rival manufacturers have the fullest right of competition in similar styles of
fabrics, in the absence of any device to impose goods of one manufacture as
the product of another.

The plaintiffs, upon a motion made by the defendants to dissolve an injunction,
are not at liberty to read new affidavits to support the allegations in the
complaint. Per WOODRUFF, J.

Whether, in a case wherein the defence rests upon new matter set up in the
answer, in avoidance of the facts charged in the complaint, but admitting
the charges to be true, the answer may be regarded as itself an affidavit, so
as to allow the introduction of affidavits by the plaintiffs? *Quere.*

APPEAL from an order denying a motion to dissolve an in-
junction, granted upon the commencement of a suit to re-
strain the use of a trade mark, and to obtain an account of

the profits resulting from such use. It is unnecessary to add to the statement of the case contained in the first of the reporter's head notes.

The order now before the court for review was entered upon a decision made at special term, in accordance with the following opinion:

WOODRUFF, J.—After a careful consideration of the subject, and an examination of the authorities upon which counsel relied on the argument, my conclusions are: 1st. That the plaintiffs are not at liberty to read affidavits on the motion to dissolve the injunction, to support the allegations in the complaint, and the affidavits which were presented on the argument have been therefore excluded. Whether, in a case in which the defence rests upon new matter set up in the answer in avoidance of the facts charged in the complaint, but admitting the charges to be true, the answer may be regarded as itself an affidavit of such new matter, I do not now think it necessary to admit or deny. 2d. That upon the complaint and answer, the complainants' trade marks have been and are so simulated as probably to deceive those who desire to purchase the complainants' goods, and so as (although, perhaps, not to deceive those who purchase directly from the defendants themselves) to deceive the great mass of consumers, especially the unskilled, and all who are not on the alert to detect devices, adopted to facilitate sales, by which false impressions respecting the origin of the goods are produced.

That the specific differences between the two labels are so ambiguous, and convey to the purchaser so little information, that the exhibition of the defendants' goods, bearing the label in question, unaccompanied by any further explanation, cannot fail to induce customers to believe that the goods are of the plaintiffs' manufacture, i. e., are "Merrimack prints."

That the defendants' answer does not suggest any sufficient reason or motive for the use of the label complained of, or of the term "Merrimack," in connection with the equivocal expressions, styles or otherwise, unless accompanied by

Merrimack Manufacturing Co. *v.* Garner.

words clearly and intelligibly excluding the idea that the goods are made by the plaintiffs. And that although the defendants deny actual intent to defraud, their acts tend directly to that result.

That just liberty to compete with the plaintiffs in the fullest and freest manner, does not require that the defendants should use the label in question, but on the contrary, fair and open competition by its very terms imports that the goods of the defendants should be exhibited in such wise that the defendants shall themselves gain the reputation and credit which the excellence claimed for their goods will secure to the manufacturers.

That the injunction cannot operate to prejudice the defendants in a frank and fair endeavor to compete with the plaintiffs in respect to the description and quality of their goods, unaccompanied by any devices to mislead the public in respect to the actual origin of the goods sold ; and although this furnishes no reason for granting an injunction, if the plaintiffs do not otherwise show themselves entitled thereto, it relieves the remedy from any imputation of harshness towards the defendants.

And that the delay of the plaintiffs in asserting their rights has not been such as ought to deprive them of the injunction, if, in the judgment of the court, they are otherwise plainly entitled to such protection.

The injunction, in its spirit and manifest design, must be sustained. Some modification of its terms may be proper. The defendants should be restrained from using the label specified in the complaint, and also from using a label containing the word " Merrimack," either by itself or in connection with the word " styles," or any other ambiguous or equivocal word or words, unless accompanied by terms which plainly exclude the idea that the goods (to which it may be affixed) are manufactured by the plaintiffs, or are Merrimack prints, and the injunction may be modified accordingly.

The costs of the motion should abide the result of the suit.

*Henry S. Dodge* and *Daniel Lord,* for the defendants, cited *Manchester* v. *Dey,* 6 Paige, 295 ; *Hartwell* v. *Kingsley,* 2 Sand. S. C. R. 674 ; 2 Code Rep. 56 ; *Spottiswood* v. *Clark,* 2 Ph. 154 ; *Crawshay* v. *Thompson,* 4 M. & Gr. 357 ; *Rogers* v. *Nowell,* 5 C. B. 110 ; *Seeley* v. *Fisher,* 11 Sim. 581 ; *Clark* v. *Freeman,* 11 Bea. 112.

*Augustus F. Smith,* for the plaintiffs, cited *Coats* v. *Holbrook,* 2 Sand. Ch. R. 594 ; *Perry* v. *Trufit,* 6 Beav. 66 ; *Howard* v. *Henriques,* 3 Sand. S. C. R. 725 ; *Amoskeag Co.* v. *Spear,* 2 Sand. S. C. R. 607–8 ; *Croft* v. *Day,* 7 Bea. 84 ; *Hascall* v. *Madison Unio.* 1 Code R. N. S. 170 ; *Smith* v. *Rem,* 6 How. Pr. R. 124 ; *Benson* v. *Task,* 1 Code R. 50 ; *Roome* v. *Noble,* id. 114 ; *Krom* v. *Hogan,* 2 id. 144 ; *Schoonmaker* v. *The Minister, &c.,* 5 How. Pr. R. 265 ; *Menor* v. *Terry,* 6 id. 208.

DALY, J.—Courts of equity have not interfered by injunction in cases of the kind, except in aid of a legal right; and if the fact of the plaintiffs' property in the trade mark, or of the defendants' interference with it, has appeared even at all doubtful, the plaintiffs have been left to establish their case first by an action at law. (*Motley* v. *Dowman,* 3 Mylne and Craig, 1 ; *Croft* v. *Day,* 7 Beav. 84 ; *Spottiswood* v. *Clark,* 2 Phillips, 154 ; *Partridge* v. *Menck,* 2 Sand. S. C. R. 626.)

"Unless the case be very clear," says Lord Cottenham in *Spottiswood* v. *Clark, supra,* "it is the duty of the court to see that the legal right is ascertained, before it exercises its equitable jurisdiction. Unless it is so clear that there can be no reasonable doubt with regard to the legal right, it is better that the court should not exercise its equitable jurisdiction." And again he says, in *Motley* v. *Dowman, supra,* "although, sometimes, in a very strong case, it interferes in the first instance, by injunction, yet in a general way it puts the party upon asserting his rights, by trying it in an action at law." To the same purport was the holding of Lord Langdale, in

*Croft* v. *Day, supra.* " There are cases," he says, " like that of the London Conveyance Company, (*Knott* v. *Morgan*, 2 Keene, 213,) in which the injunction is granted at once; there are cases like that of the Mexican Balm, (*Perry* v. *Trufit*, 6 Beaven, 66,) in which the injunction is refused, until the plaintiff has established his right at law."

In the case now before us, the property of the plaintiffs, in the trade mark used by them, is not in dispute, but the question is, whether that used by the defendants is either a fraudulent imitation of it, or such an imitation as would ordinarily deceive purchasers. There is an undoubted resemblance. The words used to designate the particular kind of goods in both labels are enclosed in a floral wreath, of the same description. But this, of itself, is not enough. (*Partridge* v. *Menck*, 2 Sand. S. C. R. 622; 2 Barb. C. R. 101; *Spottiswood* v. *Clark*, 2 Phillips, 154.) In the first of which cases, the embellishment of a bee-hive was used upon both labels, and in the latter case the almanac published by the defendant was embellished, like that of the plaintiff, with a wood cut of the Greenwich Observatory upon the cover.

In the words printed upon the two labels in the present case there is a difference, and an obvious one. The words on the plaintiffs' label are " Merrimack Prints, Fast Colors, Lowell, Mass.;" on that of the defendants, " English Free Trade, Merrimack style, warranted Fast Colors."

The existence of a fraudulent intent, or of any intention to imitate the plaintiffs' labels, and to pass their goods off for that of the plaintiffs', is denied by the defendants in their answer; and we are left to determine, so far as the present relief is asked for, whether we can say, upon a mere comparison of the labels, that the effect of that used by the defendants would be to deceive the public, and thereby operate injuriously to the plaintiffs; and, upon that comparison alone, I think the case is not so clear as to warrant the granting of an injunction in the first instance. The rule laid down by Vice Chancellor Sandford, in *Partridge* v. *Menck, supra,* is this : The court will hold any imitation actionable which re-

quires a careful inspection to distinguish its marks and appearances from those of the manufactures imitated. It is certainly not bound to interfere where ordinary attention will enable a purchaser to discriminate. "It does not suffice to show," he says, "that persons incapable of reading the labels, might be deceived by the resemblance. It must appear that the ordinary mass of purchasers, paying that attention which such persons usually do, in buying the article in question, would probably be deceived." And, applying that rule to the labels in the present case, I think we cannot say that the ordinary mass of purchasers would be deceived by the defendants' label.

The label is not only distinguished from that of the plaintiffs by the words, "English Free Trade," to which a very significant meaning may be attached, but, instead of "Merrimack Prints," we have "Merrimack Style." Now there can be no doubt but that the defendants have a right to imitate and sell the same style of goods as those manufactured by the plaintiffs. (*Swyleter* v. *Bolton*, 3 Doug. 293; *Hogg* v. *Kirby*, 8 Ves. 215; *Canham* v. *Jones*, 2 Ves. & Beam. 218; *Seeley* v. *Fisher*, 11 Sim. 581; *Holloway* v. *Holloway*, 13 Beav. 209.) And the plaintiffs have no ground of complaint, unless the the label used upon the article in imitation would lead purchasers to suppose that they were buying goods actually manufactured by the plaintiffs. It is alleged, in the answer, that the goods of the plaintiffs are widely known as the "Merrimack Style," from their width and description. That the same style and description of printed goods is not otherwise known among the trade, and that the only way of informing the public that the defendants' goods were of the same style and description, was by comparing them with, or likening them to the goods of the plaintiffs. It may be, from the views expressed in some of the cases, that the defendants would not be at liberty to manufacture and vend an inferior article, and put it forth to the public as of the same kind and quality as that of the plaintiffs, though I think it exceedingly doubtful if they could be restrained in such a

case. (Clark v. Freeman, 11 Beav. 112.) In the present case, however, it is alleged, in the defendants' answer, that the finest quality of the article sold by them, with the label aforesaid, is a superior article to the finest quality of prints manufactured and sold by the plaintiffs.

I think the injunction should have been dissolved, and the parties left to try the issue of an actual imitation involving, undoubtedly, the question of fraudulent intent, if any such inquiry be raised by the pleadings; and then, if the plaintiffs succeed in establishing a case of actual injury to them by the use in the market of the defendants' label, the court would sustain the defendants by injunction for making use of that label thereafter.

INGRAHAM, FIRST J., concurred in dissolving the injunction.

WOODRUFF, J., dissenting.—Retaining still the views expressed by me, the opinion at special term may, for the purposes of the decision, be taken as my opinion on this appeal.