# SUPREME COURT.

## George W. Comstock and others agt. Andrew J. White and Andrew B. Moore.

Without a patent from the government no one has an *exclusive* right to manufacture and sell pills as a useful invention.

Therefore an injuction will not be granted to restrain an innocent defendant from manufacturing, advertising or selling by any name, designation or trade-mark whatsoever, pills precisely like those manufactured and sold by the plaintiff, and by the name designated by him, or pills composed of the same elementary constituents.

Comstock agt. Moore.

But where it appeared that the defendants, in having connected themselves with the plaintiffs in the business of manufacturing, advertising and selling pills by a particular name or designation, and having induced the plaintiffs to expend large sums of money in advertising, &c., the pills so manufactured; and then suddenly and without notice, in an unjustifiable manner and apparently from improper motives, severed their connection with the plaintiffs and setting up the same business for themselves,

*Held,* that an injunction be granted, restraining the defendants from using the name or designation used by the plaintiffs, in designating, marking, labeling, advertising or selling the pills manufactured by the plaintiffs; and also restraining the defendants from using either of the labels or trade-marks of the plaintiffs, or any other labels or trade-marks, made so similar to the plaintiffs' as would be calculated to deceive the public.

If the pills are an innocent humbug, the defendants have no right to deprive the plaintiffs of the reputation and customers which the plaintiffs' money has been the means of acquiring for the pills and themselves; especially as the expenditure was in a great measure induced by the defendants.

*New - York Special Term, February,* 1860.

MOTION to dissolve injunction. The facts will sufficiently appear in the opinion of the court.

SUTHERLAND, Justice.   There is nothing in the papers submitted on this motion, to show that the defendants, White and Moore, or either of them, individually or as partners, ever had in fact, the exclusive right to compound, manufacture and sell, the pills called, " Dr. Morse's Indian Root Pills ;" although it does appear from these papers that White and Moore, by the yellow labels or wrappers, used by them around the pill boxes, prior to the partnership between the plaintiffs and the defendant White, represented and advertised Moore as the proprietor of the pills, and stated that none could be genuine without the signature of A. B. Moore.

Neither White nor Moore could have had this exclusive right of manufacture and sale, without a patent from the government; and it is not to be presumed that the government had secured to either of them, or would secure to any one, an exclusive right to manufacture and sell these pills as a useful invention.

The plaintiffs, therefore did not and could not acquire from

Comstock agt. Moore.

the defendants, White and Moore, or from either of them, an exclusive right to manufacture and sell these pills, either by the written agreement of the 10th of August, 1855, between them and White, or by the written agreement subsequently entered into, between the plaintiffs and White, as partners, and the defendant Moore; and as I find nothing in the papers to show that the plaintiffs have otherwise acquired, or now have this exclusive right of manufacture and sale, I conclude that they in fact have no exclusive right to manufacture and sell the pills.

From aught I see, the defendants and all other persons have the same right, or as good right as the plaintiffs, to mix or combine the chemical, mineral or vegetable constituents composing these pills, round them into shape, advertise and puff them as pills, and a sovereign remedy for nearly all the ills that "flesh is heir to."

Conceding that White, before entering into partnership with the plaintiffs, represented to them that he was the owner or proprietor of the pills, and that Moore represented himself to be the owner or proprietor in the written agreement between him and the plaintiffs and White; the plaintiffs must be presumed to have known the law; and they, therefore, had no right to understand or rely upon such representations, as meaning or affirming that either White or Moore had an exclusive right to manufacture and sell the pills.

Conceding then such representations to have been made by the defendants (White, however, denies that he made any such representations), the fact of such representations having been made by the defendants to the plaintiffs, would not authorize the court to restrain the defendants from the mere manufacture and sale of the pills, because the plaintiffs had no right to rely on such representations as affirming an exclusive right of manufacture and sale.

If, therefore, there is any clause or provision in the injunction in this case as it now stands, which prohibits the defendants, or either of them, from manufacturing, advertising, or selling, by any name, designation or trade-mark whatsoever,

pills precisely like those manufactured and sold by the plaintiffs by the name of " Dr. Morse's Indian Root Pills," or pills composed of the same elementary constituents, the injunction must be so far modified or dissolved.

I do not see why the defendants have not the same right to manufacture, advertise and sell the pills that the plaintiffs have.

The material questions in this case are, whether the defendants have a right, as against the plaintiffs, in advertising and selling the pills manufactured by them, to use the name or designation, " Dr. Morse's Indian Root Pills," or a trade-mark, label or wrapper, so much like that which the plaintiffs have used and are using, in advertising and selling pills manufactured by them, as to be likely to deceive the customers of the plaintiffs and others, and induce them to believe that they are buying pills made by the plaintiffs, when in fact they may be buying pills made by the defendants.

It is very clear too, that the injunction in this case, must be dissolved, or modified so far as it restrains the defendants or either of them, from using their own names, or the name of either, or the partnership name of A. J. White & Co., in the business of manufacturing, or in advertising or selling these pills, or any other pills.

It appears that the defendants are partners, and that the name of the firm is A. J. White & Co.

I do not see upon what principle the defendants can be prohibited from using their own names, or the name of either, or the partnership name of A. J. White & Co.

If the defendants have the right to make, advertise and sell pills precisely like those made and sold by the plaintiffs, the defendants must have a right to use their own names, or the name of either, or the partnership name " A. J. White & Co.," in the business of manufacturing, advertising and selling them.

The fact, that while the defendant White was in partnership with the plaintiffs in the business of making and selling the pills, the firm name was A. J. White & Co., does not appear to me to affect or impeach the right of the defendants as part-

ners in the same business, to use the same partnership name, such co-partnership between White and the plaintiffs having been dissolved. Nor can I see how the defendants by their conduct or acts in severing their business connection with the plaintiffs, and in seizing and removing the property of the former firm of A. J. White & Co., however unjustifiable, could forfeit their right in forming the new partnership to use the same firm name.

The remaining questions presented by this motion are questions of more difficulty. I think, however, after a careful consideration of all the facts and circumstances of the case, and a careful examination of the very able briefs submitted by the counsel, and of most of the numerous cases cited by them, that the injunction in this case should be retained and the motion to dissolve it should be denied, so far as it restrains the defendants, or either of them, from using the name or designation, "Dr. Morse's Indian Root Pills," in designating, marking, labeling, advertising or selling the pills manufactured by them. I think the plaintiffs have a right as against the defendants, to the exclusive use of the name, designation or trade-mark, "Dr. Morse's Indian Root Pills," in designating, marking, labeling, advertising or selling the pills manufactured by them.

I am careful to say, I think the plaintiffs have this exclusive right as against the defendants, and I do not mean to say or express an opinion, that they would have this exclusive right as against Dr. Rogers, if he is not really a fictitious person, or as against a stranger, who had never been in any way connected with either the plaintiffs or defendants in manufacturing and selling pills by that name or designation.

I put my opinion on this point, on the special facts and circumstances of this case; and particularly on the conduct or acts of the defendants, in connecting themselves with the plaintiffs in the business of manufacturing, advertising and selling pills by such name or designation, inducing the plaintiffs to expend large sums of money in advertising and puffing with all the verbose exaggerations which belong to the stereotyped quack literature of the day, the pills so manufactured ; and

then, in suddenly, without notice, in an unjustifiable manner, and apparently from improper motives, severing their connection with the plaintiffs, and setting up the same business of pill making, pill puffing, and pill vending for themselves.

I think also, the injunction should be retained, so far as it restrains the defendants from using either of the labels or trade-marks referred to in the complaint in this action, and annexed to it as exhibits " C " " D " and " F," or any other label or trade-mark, so much like these labels or either of them, as to color of ground, vignette, name of pills and general appearance, as to be likely to be easily mistaken for either of those labels.

It appears that the plaintiffs, or the former firm of A. J. White & Co., composed of the plaintiffs and the defendant White, originated the labels or trade-marks, C and D., with the exception of the name of the pills thereon, and exclusively used them or one of them with the name of the pills thereon, during the time the defendants were connected with the plaintiffs, in the business of making and vending pills, and that the plaintiffs are now using the label D.

It also appears, that the defendants, after dissolving their connection with the plaintiffs in the way they did, commenced using the label or trade-mark F, which has the name or designation " Dr. Morse's Indian Root Pills," prominently thereon, and so closely resembles label D. in vignette, color of ground, and in other particulars, as hardly to be distinguished from it.

I look upon the question between the parties in this case as questions of property, of money, of profit or loss.

Both parties have a right to make the pills, and to advertise, puff and sell them. Those who sell the most will make the most money; but in this competition for humbugging the pub· lic (if the pills are a humbug), the defendants have no right to deprive the plaintiffs of the reputation and customers which the plaintiffs' money has been the means of acquiring for the pills and themselves, and the expenditure of which money was in a great measure induced by the defendants themselves.

It does not appear that the pills are positively injurious; it is not to be believed that they have a tithe of the wonderful and benign curative or preventive capacity claimed for them in the eloquent pictorial advertisements of the parties, but it is not for the defendants to say the plaintiffs are humbugging the public, and are, therefore, not entitled to any relief against them, when the defendants have been and still are engaged in the same work.

As to the public—if these pills are an innocent humbug, by which both parties are trying to make money, I doubt whether it is my duty, on those questions of property, of right and wrong between the parties, to stop outside of the case, and abridge the innocent individual liberty which all persons must be presumed to have in common, of suffering themselves to be humbugged.

The injunction must be modified in accordance with this opinion, without costs to either party on this motion.