GORHAM D. GILMAN & others *vs.* EDWIN HUNNEWELL & another.

Suffolk. Nov. 19, 1875.—March 1, 1877. COLT & LORD, JJ., absent.

A mere general description, by words in common use, of a kind of article, or of its nature or qualities, cannot of itself be the subject of a trade-mark.

A person cannot have a right in his own name as a trade-mark, as against a person of the same name, unless the latter's form of stamp or label is so similar as to represent that his goods are of the former's manufacture.

A court of equity will not restrain a defendant from the use of a label, on the ground that it infringes the plaintiff's trade-mark, unless the form of the printed words, the words themselves, and the figures, lines and devices, are so similar that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would mistake the one for the other.

The plaintiffs, as assignees of John L. Hunnewell, manufactured certain medicines, called respectively, "The Universal Cough Remedy," " Hunnewell's Eclectic Pills " and " Alterative Laxative Pills, Dr. Gilman Daveis' Formula." The defendants, Edwin Hunnewell and another, manufactured similar medicines, called respectively, "Hunnewell's Celebrated Cough Remedy," "Hunnewell's Family Pills," and "Daveis' Alterative Laxative Pills." Upon each label of the plaintiffs was printed the name of their assignor, while upon each of the defendants' was printed their partnership name, "Hunnewell & Co." The principal labels upon " Hunnewell's Celebrated Cough Remedy " and " Hunnewell's Family Pills " were printed upon differently colored paper, with different type, borders and arrangement, from those upon the " Universal Cough Remedy " and " Hunnewell's Eclectic Pills; " but much of the description of the supposed virtues of the respective remedies, and the " special directions " given, were alike. The labels on " Daveis' Alterative Laxative Pills " and the " Alterative Laxative Pills, Dr. Gilman Daveis' Formula " set forth the same formula, in different type, with the name and address of the respective maker. The defendants distributed circulars in which they announced their intention to manufacture similar medicines to the plaintiffs', printing in large type the names of the medicines of each. There was no proof of fraud on the part of the defendants, or of any representation that the medicines made by them were manufactured by the plaintiffs. *Held,* on a bill in equity to restrain the use of the plaintiffs' trade-marks, that there was no infringement or colorable imitation of the same.

BILL IN EQUITY, filed December 30, 1873, by Gorham D. Gilman, John A. Gilman and Samuel R. Gilman, copartners, doing business in Boston under the style of Gilman Brothers, against Edwin Hunnewell and John H. Dunbar, copartners, doing business in Boston under the style of Hunnewell & Co., to restrain the use or infringement of the plaintiffs' trade-marks.

The bill alleged that, long before the grievances set forth, John L. Hunnewell, of Boston, exclusively compounded, man-

ufactured and sold, under certain trade-marks and under certain labels, both his own, large quantities of a certain liquid medicine, called the Universal Cough Remedy, and of a certain medical pill, called Hunnewell's Eclectic Pills, and of a certain medical pill, called Alterative Laxative Pills, Dr. Gilman Daveis' Formula, each of which articles had acquired an extended reputation, and was sold in large quantities to druggists, grocers, physicians and dealers, and used in large quantities by physicians and others as valuable standard medicines, manufactured and sold by the said John L. Hunnewell; that the plaintiffs, on or about April 12, 1873, for a valuable consideration, purchased of John L. Hunnewell all of his property, right, title and interest in and to each of said medicines, together with the exclusive right to compound each of these, and to manufacture and sell the same, and also the exclusive right to use his trade-marks and peculiar labels and name connected with each of said articles, and which had, for more than twelve years, been affixed to the bottles, boxes, packages and wrappers containing each of said medicines made and sold by the said Hunnewell, and by the plaintiffs since they acquired title therein; and that the plaintiffs, since April 12, 1873, and until the grievances set forth were committed by the defendants, exclusively compounded, manufactured and sold, in large quantities, each of said medicines, with the trade-marks and peculiar labels and name attached to each box, bottle, package or wrapper containing said articles.

The bill set forth the labels used by the plaintiffs, which are copied *post*, 142, 144, and marked A, B, F, G and K, and those used by the defendants, which are copied *post*, 143, 145, and marked C, D, E, H, J and L. All the labels were printed upon white paper, except C, H and J, which were upon paper of a yellow color.

The bill alleged that A was printed on paper and wrapped about glass bottles containing the plaintiffs' cough remedy, and B was printed upon paper and pasted on each such bottle; and that C and E were printed upon papers pasted upon each of the defendants' bottles, containing a similar medicine, and D was printed upon a paper wrapped about each of their bottles. The plaintiffs claimed the exclusive right to use as a trade-mark, so

applied, the labels A and B, and the words "The Universal Cough Remedy" and "A sure remedy for chronic or common cough, sore throat, and other minor throat complaints so often by neglect the forerunner of consumption."

The bill alleged that F was printed on paper and wrapped or pasted about glass bottles containing the plaintiff's "Eclectic Pills," and G was printed upon a paper wrapped about each of said bottles; and that H was printed on paper and pasted upon square boxes containing a similar medicine made and sold by the defendants, and J was printed on paper and wrapped about each of such boxes. The plaintiffs claimed an exclusive right to use as a trade-mark, so applied, the words "Hunnewell's Eclectic Pills," and the labels F and G.

The bill alleged that K was printed on paper and wrapped or pasted about glass bottles containing the plaintiffs' "Alterative Laxative Pills;" and that L was printed upon a paper wrapped about each of the defendants' bottles containing a similar medicine. The plaintiffs claimed an exclusive right to use as a trade-mark, so applied, the words "Alterative Laxative Pills," and the label K.

The bill further alleged that the defendants, with the fraudulent intention of injuring the plaintiffs, manufactured and sold each kind of medicine in imitation of the similar medicine compounded, manufactured and sold by the plaintiffs, and pretending that they were the same; and used the names, forms, words, expressions and labels above stated, for the purpose of falsely representing the defendants' medicines to be those of the plaintiffs', the defendants knowing that the plaintiffs' medicines were well known in the market under the names aforesaid, as appeared by circulars usually sent by the plaintiffs with their medicines, (copies of which were annexed to the bill,) and that, by reason of the similarity in names, forms, words, expressions and labels, the public and dealers in medicines and physicians had been deceived.

The bill also alleged that the defendant Edwin Hunnewell was formerly in the employ of the plaintiffs; that he then learned how to put up the medicines described, and how to use the trade-marks set forth, and how to form, print and use the labels connected therewith · that the defendants occupied a store

NONE OTHER CAN BE GENUINE.

and ECLECTIC PILLS, has a FAC Simile of John L. Hunnewell's signature over the 100x. Every genuine bottle of UNIVERSAL COUGH REMEDY, TOLU ANODYNE, PILLS, the Great Mercurial Substitute and Family Physic. Also, to HUNNEWELL'S ECLECTIC COMPLAINTS, to that of LOSS OF SLEEP. NEURALGIA, RHEUMATISM, HEAD ACHE, TOOTH AND EAR ACHE, and all NERVOUS Special attention is asked to HUNNEWELL'S TOLU ANODYNE, the great remedy for

## Entered according to Act of Congress,

THE UNIVERSAL COUGH REMEDY

A SURE REMEDY FOR CHRONIC OR COMMON COUGHS, SORE THROAT and other minor Throat Complaints, so often by neglect, the forerunners OF CONSUMPTION.

Full directions in French and German inside.

PRICE, 25 CTS.

## A.D. 1861, by John L. Hunnewell, in the Clerk's

JOHN L. HUNNEWELL, Proprietor,

*Practical Chemist and Pharmaceutist,*

BOSTON, MASS.,

To whom please direct all Communications.

## Office of the District Court of Massachusetts.

THE UNIVERSAL COUGH REMEDY

Free from all the components of Opium, Antimony, &c., can only have its splendid qualities tested by making it the Bedside, Pocket, or Nursery Companion. of every person suffering with complaints of the THROAT OR LUNGS.

TO PUBLIC SPEAKERS & SINGERS It is invaluable. To persons debilitated by long-standing COUGH OR CONSUMPTION, it reaches both Cough and Debility.

Please test it with full confidence, and recommend it to your friends, that all unnecessary advertising may be saved, and prices kept within reach of all.

Please read Wrappers and inside directions carefully.

**B.**

SPECIAL DIRECTIONS. — The Dose for Adults is a *teaspoonful.* I ask that it be repeated to *old* and *young,* as often as there is disposition to *Cough,* or *Tickling* in the *Throat.* Containing no article to injure the system, please accept and use it freely, and recommend its true character to your friends.

Please keep Directions, and read them.

**E.**

> SPECIAL DIRECTIONS.—The dose for adults is a teaspoonful. We ask that it may be repeated to old and young as often as there is a disposition to cough or tickling in the throat.
>
> Containing no article to injure the system.—Please accept and use freely.

**D.**

HUNNEWELL'S CELEBRATED REMEDY.

It can only have its good qualities tested by making it the Bedside, Pocket or Nursery companion of every person suffering with complaints of the THROAT OR LUNGS.

TO Public Speakers & Singers it is invaluable.

SPECIAL DIRECTIONS. The dose for adults is a teaspoonful. We ask that it may be repeated to old and young as often as there is a disposition to cough or tickling in the throat. Containing no article to injure the system.—Please accept and use freely. Please Read Inside Circular.

**C.**

TO WHOM ADDRESS ALL COMMUNICATIONS.

170 Commercial Street, Boston, Mass,

HUNNEWELL & CO. · · · · · · PROPRIETORS,

Hunnewell's CELEBRATED COUGH REMEDY,

A Sure Remedy for Chronic or Common Coughs, Sore Throat and all other Throat Complaints so often by neglect the forerunner of CONSUMPTION.

TO Public Speakers & Singers IT IS INVALUABLE.

SEE DIRECTIONS INSIDE.

PRICE, 25 CENTS

SPECIAL ATTENTION IS ASKED ALSO TO

Hunnewell's Family Pills,

THE GREAT MERCURIAL SUBSTITUTE & FAMILY PHYSIC

**F.**

Ent. according to Act of Congress, March, 1861, by John L. Hunnewell, in the Clerk's office of the Dist. of Mass.

**G.**

## HUNNEWELL'S ECLECTIC PILLS,

### THE GREAT MERCURIAL SUBSTITUTE,

#### Assistant to the Tolu Anodyne and Family Physic.

MEDIUM DOSE. — One Pill night and morning, until the bowels are moved; after which, one every second or third night, will cure INDIGESTION, BILIOUSNESS, DYSPEPSIA, COSTIVENESS, LIVER COMPLAINTS, LOSS OF BLOOD and JAUNDICE.
☞ For WORMS, they are specially adapted.

**K.**

## Alterative Laxative Pill.

### DR. GILMAN DAVEIS' FORMULA.

Pill Aloine cum Ferro,   Grs. x x i v.
Ext. Nux Vomic. Alc.   Grs. v i.
Pulv. Ipecac   . . .   Grs. v i.
    M. Fiat Pill No. x v i i i.

DOSE.   Single  Pill.

### JOHN L. HUNNEWELL,

PRACTICAL CHEMIST AND PHARMACEUTIST,

Boston, Mass.

**H.**

Hunnewell's Celebrated Cough Remedy.

Special attention is asked also to

HUNNEWELL'S
**FAMILY PILLS,**
A Cure For
Biliousness, Indigestion, Costiveness, and
all Diseases caused by Derangement
of the Digestive Organs.

PRICE, TWENTY-FIVE CENTS.

Hunnewell & Co., Prop'rs, 170 Com'l St., Boston,
To whom address all communications.

**J.**

HUNNEWELL'S FAMILY PILLS,
The Great Mercurial Substitute.

MEDIUM DOSE—One Pill night and morning
until the bowels are moved, after which one every
second or third night will cure Indigestion,
Biliousness, Dyspepsia, Costiveness, Liver Com-
plaints, Loss of Blood and Jaundice.
For Worms they are specially adapted.

**L.**

DAVEIS'
Alterative Laxative Pill.

Pill Aloine Comp........Grs. XXIV.
Ext. Nux Vomic. Alc....Grs. VI.
Pulv. Ipecac............Grs. VI.
M. Fiat Pill No. XVIII.

*Dose — Single Pill.*

PREPARED BY
HUNNEWELL & CO., 170 Commercial Street,
BOSTON, MASS.

in Boston, known as No. 170 Commercial Street, which store was directly underneath the place of business of the plaintiffs, that they might fraudulently use the trade-marks of the plaintiffs, and imitate their packages, name and labels, and so sell imitations of the medicines compounded, manufactured and sold by the plaintiffs.

The bill prayed for an account, damages, an injunction, and general relief.

The answer admitted that John L. Hunnewell manufactured the medicines described in the bill before the defendants manufactured them, and admitted the manufacture and sale of simi lar medicines by the defendants; but denied the other allegations of the bill; and alleged that the defendants inclosed within the wrappers upon each package of the " Cough Remedy " and " Family Pills," and also, before selling either, sent, to all persons who would be likely to buy the same, circulars which, in addition to directions for the use of the medicines, were as follows:

" Boston, June, 1873.   To Patrons and Consumers: Having had the sole manufacture and putting up of Hunnewell's UNI-VERSAL Cough Remedy and ECLECTIC Pills for John L. Hunnewell for the last fourteen years, and he having sold his interest in these preparations to Gilman Bros. without making any provision that has always been promised me by J. L. H. in case of his disposing of the preparations, consequently throwing me out of business, I now propose to manufacture and put up and offer to the public the preparations of Hunnewell's CEL-EBRATED Cough Remedy and Hunnewell's FAMILY Pills, which will be safe and reliable and I know will meet the wants of the public.                           E. HUNNEWELL.

" Please address orders for the above preparations to Hunne-well & Co. 170 Commercial Street, Boston."

Hearing upon pleadings and proofs, before *Ames*, J., who reported the case, in substance as follows:

The medicines described in the bill were not patented, but had been prepared and sold by John L. Hunnewell for several years before the sale to the plaintiffs.   The defendant Edwin Hunnewell, during the whole or a large part of that time, had been in the employ of John L. Hunnewell, was familiar with the

composition of said medicines, and was often engaged in putting them up; and during all that time John L. Hunnewell made use of labels, names and marks, generally similar to or identical with those described in the bill, in the sale of said medicines.

For a valuable consideration, John L. Hunnewell sold to the plaintiffs, by a bill of sale dated April 12, 1873, all his right and interest in those medicines; and the plaintiffs have accordingly continued the manufacture and sale of the same ever since, at a large and heavy expenditure of money, in doing and advertising the business, making use of the various labels, marks, wrappers and circulars described in the bill.

The defendants have been engaged since April, 1873, in the manufacture and sale of similar medicines, equal in quality and substantially identical in their composition with those made and sold by the plaintiffs; and the marks, labels, names and advertisements used by the defendants are such as are described and set forth in the bill. The defendants sent the circulars set up in their answer.

The plaintiffs proved the matters of fact alleged in their bill, except the allegations of actual fraud and intent to defraud, for proof of which they relied on the circumstances alleged, and on the labels, circulars and packages. There was no proof that the defendants ever represented their goods to be of the plaintiffs' manufacture, other than the sale of them under such circumstances, and the labels, circulars and packages. There was no proof of John L. Hunnewell's exclusive right to compound the articles, other than the fact of priority under the circumstances, and the various conveyances and instruments described in the bill.

Upon this evidence the judge ordered that the bill be dismissed; and the plaintiffs appealed.

*A. Abbott* (of New York) & *T. Weston, Jr.,* for the plaintiffs.

*T. S. Dame,* for the defendants.

GRAY, C. J. A trade-mark may consist of a name, or a device, or a peculiar arrangement of words, lines or figures in the form of a label, which has been adopted and used by a person in his business to designate goods of a particular kind manufactured by him, and which no other person has an equal right to use. The right in a trade-mark, so applied, is recognized as property

which a court of chancery will protect by injunction. *Hall* v. *Barrows*, 4 De G., J. & S. 150, 158. *Ainsworth* v. *Walmsley*, L. R. 1 Eq. 518, 524, 525. *Maxwell* v. *Hogg*, L. R. 2 Ch. 307, 314.

A mere general description, by words in common use, of a kind of article, or of its nature or qualities, cannot of itself be the subject of a trade-mark. *Singleton* v. *Bolton*, 3 Doug. 293. *Spottiswoode* v. *Clark*, 1 Coop. temp. Cottenham, 254, 261. *Thomson* v. *Winchester*, 19 Pick. 214. *Canal Co.* v. *Clark*, 13 Wall. 311, 323, 324. *Raggett* v. *Findlater*, L. R. 17 Eq. 29. *Caswell* v. *Davis*, 58 N. Y. 223, 233. The Gen. Sts. *c.* 56, §§ 1, 4, have not enlarged in this respect the law governing courts of chancery ; but reënact, with some amendments, the St. of 1852, *c.* 197, which was passed before general jurisdiction in equity had been conferred upon this court ; and only protect, as a trade-mark, "any peculiar name, letters, marks, device or figures," against the unauthorized use of "the same or any similar names," &c., "for the purpose of falsely representing any articles to have been manufactured by, or to be of the same kind, character or quality as that manufactured or sold by the persons rightfully using such name," &c. See *Ames* v. *King*, 2 Gray, 379.

A person may have a right in his own name as a trade-mark, as against a person of a different name. *Millington* v. *Fox*, 3 Myl. & Cr. 338. *Dent* v. *Turpin*, 2 Johns. & Hem. 139. But he cannot have such a right as against another person of the same name, unless the defendant uses a form of stamp or label so like that used by the plaintiff as to represent that the defendant's goods are of the plaintiff's manufacture. *Sykes* v. *Sykes*, 3 B. & C. 541 ; *S. C.* 5 D. & R. 292. *Croft* v. *Day*, 7 Beav. 84. *Holloway* v. *Holloway*, 13 Beav. 209. *Burgess* v. *Burgess*, 3 De G., M. & G. 896. *Rogers* v. *Taintor*, 97 Mass. 291, 296. *Meneely* v. *Meneely*, 62 N. Y. 427.

All the authorities agree that the court will not restrain a defendant from the use of a label, on the ground that it infringes the plaintiff's trade-mark, unless the form of the printed words, the words themselves, and the figures, lines and devices, are so similar that any person, with such reasonable care and observation as the public generally are capable of using and may be expected to exercise, would mistake the one for the other.

In the light of these general rules, we proceed to examine the facts relating to the different medicines, respectively called by the plaintiffs " The Universal Cough Remedy," " Hunnewell's Eclectic Pills " and " Alterative Laxative Pills." In doing this, it must be borne in mind that labels upon such small articles as vials or pill-boxes usually, and indeed necessarily, bear a considerable resemblance to one another in form and arrangement, which appears greater when they are detached and spread upon the record, than when they are upon the articles and in a trader's or druggist's shop.

The plaintiffs cannot have a trade-mark in the descriptive words " Cough Remedy," or in the more extended description, " A sure remedy for chronic or common cough, sore throat, and other minor throat complaints so often by neglect the forerunner of consumption." And the defendants have not copied " The Universal," prefixed by the plaintiffs to the words " Cough Remedy."

The plaintiffs rely on the resemblance of the labels printed on the four sides of the paper covering or wrapper of each of their vials to the label pasted upon three sides of each of the defendants' vials, and to an additional label wrapped about the latter.

But the label upon the plaintiffs' wrapper and that pasted upon the defendants' vial differ in color, the plaintiffs' being white, and the defendants' yellow ; and the style of type and of the border of the two is wholly different. Upon the front or principal side, the plaintiffs' label bears the title of " The Universal Cough Remedy," and a picture of a chemist ; the defendants' label, " Hunnewell's Celebrated Cough Remedy," .n different type, and without any picture ; and the only other words of the plaintiffs' label, which are substantially repeated upon the defendants' label, are the words of description, already quoted, which are also quite different in type and arrangement. Upon the second or right side, the plaintiffs' label bears the name of their assignor, " John L. Hunnewell," and the defendants' bears their own copartnership name, " Hunnewell & Co." Upon the third or left side are differing references to other medicines. The label wrapped about the defendants' vial bears a greater general resemblance to the front and back of the plaintiffs' label, but still maintains the diversity, in the name or title

of the medicine, between "The Universal Cough Remedy" and "Hunnewell's Celebrated Cough Remedy," and copies a part only of the description of the supposed virtues of the medicine.

The only other resemblance between the labels used by the parties consists in the fact that the "special directions" for the use of the medicine, printed in ordinary type, without any peculiar or distinctive marks, on a little label pasted upon the plaintiffs' vial, are similarly printed on a like label upon the defendants' vial, as well as on the lower part of the label wrapped around the latter as already mentioned.

There does not appear to us to be anything, either in the general appearance, or in the contents, the form, the marks, or the arrangement of words, of the defendants' labels, which would lead any one, using reasonable care and observation, to believe that the defendants' cough remedy was manufactured by the plaintiffs, or that it was the same medicine as that sold by them.

Every case of trade-marks depends very much upon its own circumstances. But our conclusion is supported by the decisions entitled to most weight in those cases most nearly analogous to the case before us. *Leather Cloth Co.* v. *American Leather Cloth Co.* 11 H. L. Cas. 523. *Partridge* v. *Menck*, 2 Sandf. Ch. 622 ; 2 Barb. Ch. 101 ; 1 How. App. Cas. 547, 553. *Blackwell* v. *Crabb*, before Vice Chancellor Wood, 36 L. J. (N. S.) Ch. 504. *Emerson* v. *Badger*, 101 Mass. 82.

In regard to the pills, the plaintiffs' case is even weaker. As to one kind of pill, the form and appearance of the principal labels are entirely different; the plaintiffs have no trade-mark in the words "Hunnewell's Pills ; " the defendants have not used the word "Eclectic," but have made the name, selected by themselves, of "Family Pills," the most conspicuous words upon their label; and the only resemblance between the labels of the parties is in the description, in small type, of the qualities and uses of the medicine. As to the other kind of pill, both labels consist exclusively of a description of its nature and its composition according to the formula of a third person (to which the plaintiffs are not shown to have any peculiar right), and the defendants have substituted in clear type, upon their label, their own partnership name and address, for those of John L. Hunnewell upon the plaintiffs' label.

The circulars distributed by the defendants, after stating, in a manner which is not shown to be in any respect untrue, the former relation of the defendant Edwin Hunnewell to John L. Hunnewell, under whom the plaintiffs claim, give notice of the defendants' intention to manufacture and offer for sale similar medicines; but in no way assert or intimate that these are to be manufactured by the plaintiffs or by John L. Hunnewell, and, on the contrary, print in the largest type the words "Universal" and "Eclectic" in the names of the plaintiffs' medicines, and "Celebrated" and "Family" in those of the defendants' medicines.

The judge before whom the case was heard has found that there was no proof of fraud or intent to defraud, or of any representation by the defendants that their medicines were of the plaintiffs' manufacture, other than the sale of them under the circumstances alleged, and the labels, packages and circulars. For the reasons already stated, we are of opinion that these do not warrant the court in inferring any such fraud or misrepresentation.

The cases cited in the able and elaborate argument for the plaintiffs, so far as they have not been already referred to, may be distinguished and classified as follows:

1st. Those of a fancy name, either invented by the plaintiff, or arbitrarily applied by him to his goods, newspaper or hotel; as, for instance, "Eureka Shirt," *Ford* v. *Foster*, L. R. 7 Ch. 611; "Persian Thread," *Taylor* v. *Carpenter*, 3 Story, 458, and 2 Woodb. & Min. 1; *Same* v. *Same*, 2 Sandf. Ch. 603, and 11 Paige, 292; "Vegetable Painkiller," *Davis* v. *Kendall*, 2 R. I. 566; "Congress Spring," *Congress Spring Co.* v. *High Rock Spring Co.* 45 N. Y. 291; "Cocoaine," *Burnett* v. *Phalon*, 3 Keyes, 594; "New Era," *Bell* v. *Locke*, 8 Paige, 75; "Revere House," *Marsh* v. *Billings*, 7 Cush. 322; "What Cheer House," *Woodward* v. *Lazar*, 21 Cal. 448.

2d. Those in which the name of a place had been so used as to become a trade-mark, and was protected as such, without regard to the particular form of the label; such as "Glenfield Starch," *Wotherspoon* v. *Currie*, L. R. 5 H. L. 508, 513; "Anatolia Liquorice," *M'Andrew* v. *Bassett*, 10 Jur. (N. S.) 492, and 4 De G., J. & S. 380; "Seixo Wine," *Seixo* v. *Provezende*, L. R. 1 Ch. 192; "Akron Cement," *Newman* v. *Alvord*, 51 N. Y. 189

3d. Those in which the inventor of a new process, and persons claiming under him; were held entitled to the exclusive use of the word "original," or equivalent expressions. *Cocks* v. *Chandler*, L. R. 11 Eq. 446, 449, and *Lazenby* v. *White*, there cited. *James* v. *James*, L. R. 13 Eq. 421.

4th. Those in which the labels of the parties are set out in the reports, and appear upon inspection to be hardly distinguishable from each other. *Walton* v. *Crowley*, 3 Blatchf. C. C. 440. *Boardman* v. *Meriden Britannia Co.* 35 Conn. 402. *Burke* v. *Cassin*, 45 Cal. 467.

5th. Those in which the variation appeared to the court to be merely colorable, but the form and particulars of the marks or labels are not given in the reports. *Blofeld* v. *Payne*, 4 B. & Ad. 410 ; *S. C.* 1 Nev. & Man. 352. *Coffeen* v. *Brunton*, 4 McLean, 516, and 5 McLean, 256. *Bradley* v. *Norton*, 33 Conn. 157. *Meriden Britannia Co.* v. *Parker*, 39 Conn. 450. *Stonebraker* v. *Stonebraker*, 33 Md. 252. *Dixon* v. *Wondra*, decided by Chief Justice Bigelow, in 1866, would appear by the papers on file to come within this class.

6th. A decision affirming the right of a corporation to restrain the use by a new corporation of a name bearing some resemblance to that under which the first corporation had been established — the correctness of which we need not consider, as it has no application to the case before us. *Holmes, Booth & Haydens* v. *Holmes, Booth & Atwood Manuf. Co.* 37 Conn. 278.

7th. Numerous cases in inferior courts of New York and Pennsylvania, none of which are so peculiar in their circumstances as to demand special notice. *

Upon full consideration of the subject, we are of opinion that the plaintiffs are not entitled to relief upon any of the grounds alleged in their bill, and therefore the decree must be affirmed and the                                            *Bill dismissed.*

---

* *Merrimack Manuf. Co.* v. *Garner*, 2 Abb. Pr. 318; 4 E. D. Smith, 387. *Fetridge* v. *Merchant*, 4 Abb. Pr. 156. *Clark* v. *Clark*, 25 Barb. 76. *Comstock* v. *White*, 18 How. Pr. 421, *Corwin* v. *Daly*, 7 Bosw. 222. *Bininger* v. *Wattles*, 28 How. Pr. 206. *Gillott* v. *Esterbrook*, 47 Barb. 455. *Lockwood* v. *Bostwick*, 2 Daly, 521. *Town* v. *Stetson*, 3 Daly, 53. *Lea* v. *Wolf*, 13 Abb. Pr. (N. S.) 389, and 15 Abb. Pr. (N. S.) 1. *Cook* v. *Starkweather*, 13 Abb. Pr. (N. S.) 392. *Brown* v. *Mercer*, 5 Jones & Spen. 265. *Popham* v. *Wilcox*,

6 Jones & Spen. 274. *Gouraud* v. *Trust*, 3 Hun, 627. *Godillot* v. *Hazard*, 43 How. Pr. 5. *Dixon Crucible Co.* v. *Guggenheim*, 2 Brewst. 321. *Rowley* v *Houghton*, 2 Brewst. 303. *Fulton* v. *Sellers*, 4 Brewst. 42. Cox's Amer Trade-Mark Cas. 155, 194, 206, 232, 265, 318, 340, 514, 555, 559, 486.