PRATT MANUF'G Co. *v.* ASTRAL REFINING Co., Limited, and others.

*(Circuit Court, W. D. Pennsylvania.  April 30, 1886.)*

1. TRADE-MARK—"ASTRAL OIL."

   The appropriation of the word "Astral," in a combination of words constituting a trade-mark, does not preclude its use in all other combinations formed for the like purpose.  *Held*, therefore, that the plaintiff's trade-mark, "Pratt's Astral Oil," applied to refined petroleum, was not infringed by the use of the words "Standard White Astral Oil" to designate the defendants' refined petroleum.

2. SAME—KNOWN USE OF WORD.

   An oil-burning lamp called the "Astral Lamp" having been long well known, and in common use, *semble*, that the word "Astral" was without the range of lawful appropriation as a trake-mark for refined petroleum.

3. SAME—RELIEF REFUSED.
   Relief will not be granted against the use of a brand which points unequivocally to origin, and, except in the common use of the words "Astral Oil," so differs from the plaintiff's brand that purchasers will not mistake the one for the other.

In Equity.
*C. Heydrick,* for complainant.
*J. W. Lee* and *Martin Carey,* for respondents.

ACHESON, J.   This is a suit by the Pratt Manufacturing Company, a corporation of the state of New York, against the Astral Refining Company, Limited, a partnership association formed under the laws of the state of Pennsylvania, and the managers thereof, to restrain the defendants from using the words "Astral Oil," either alone or in connection with other words, as a brand or mark upon packages of refined petroleum, and from the use of the word "Astral" as part of their partnership name; and also to compel the defendants to account for the profits on refined petroleum so branded, sold by them; the plaintiff alleging such use of said words or word to be an infringement of its trade-mark.

It appears that Charles Pratt, who carried on the business of refining petroleum in the state of New York, in the year 1869 adopted as a trade-mark in his business the words "Pratt's Astral Oil," which he continued so to use until the year 1874, when he transferred his business and his right and title to said trade-mark to the plaintiff company, which has since continued the said business, and the use therein of said trade-mark,—the plaintiff having, on October 25, 1881, obtained registration of said trade-mark agreeably to the provisions of the act of congress of March 3, 1881.   The bill alleges that the plaintiff "has, at great expense, introduced the particular grade and quality of refined petroleum manufactured by it into the market, not only of this country, but of foreign countries, under the name 'Pratt's Astral Oil,' by which name your orator's product long since became and now is widely known."   The evidence, however, shows that in actual practice the plaintiff does not designate its refined petroleum by the words "Pratt's Astral Oil" simply, but by a brand of this character, viz.: Within a circular border, and following the upper arc of the circle, are the words "Pratt's Astral Oil;" within and following the lower arc of the circle is the word "New York;" above "New York" are the figures and word "46 Broadway;" and in the center of the circle is a peculiar device or design, beneath which is the word "Trade-mark."

The refinery of the defendant company, which is situated on the Allegheny Valley Railroad, near Oil City, Pennsylvania, was built, and the name "Astral" given to it, about January or February, 1881.   While the works were in course of erection, the railroad company established a station at that point, and called it Astral; and on April 28,

1884, a post-office of the same name was established there. About April 1, 1884, the limited partnership defendant was organized, and purchased said works, and has since operated them. It is satisfactorily shown that neither the parties who originally applied the word "Astral" to these works, nor the defendants when they adopted it as part of their partnership name, had any knowledge whatever that the word was used by the plaintiff. Upon the heads of their petroleum barrels the defendants' brand, in circular form, the words "The Astral Refining Company, Limited, Oil City, Pa.;" and in the center of such circle are the words, "Standard White Astral Oil." This is the entire brand, and the whole is in large and conspicuous letters.

Such being the material facts of the case, is the plaintiff entitled to the relief sought? It will be observed that the plaintiff in effect claims an exclusive property in the use of the words "Astral Oil," as applied to refined petroleum; and also in the use of the word "Astral," as applied to the business of refining petroleum. Can this pretension be sustained? I think not. In the first place, I strongly incline to the opinion that the word "Astral" was without the range of lawful appropriation as a trade-mark for refined petroleum by reason of the fact that long before it was employed by Charles Pratt the appellation had been given to an oil-burning lamp well known and in common use. Now, very naturally, the public might associate the words "Astral Oil" with the "Astral Lamp," and thus the exclusive use of those words as a trade-mark would have a tendency to give the plaintiff an unfair and hurtful monopoly in contravention of that rule of law which forbids the use of anything as a trade-mark which would destroy competition. *Canal Co.* v. *Clark*, 13 Wall. 323. Then, in the second place, the appropriation of the word "Astral" in one combination of words does not preclude its use in all other combinations. Such was the determination of the supreme court of Pennsylvania in respect to the word "Samaritan," as applied to compound medicines. *Desmond's Appeal*, 13 Wkly. Notes Cas. 303.

The plaintiff's trade-mark consists, not of the word "Astral" alone, nor yet of the two words "Astral Oil." The prefix "Pratt's" is the distinguishing word in the plaintiff's combination, and, in truth, is indispensable; for, according to the averment of the bill, it is by the name "Pratt's Astral Oil" that the plaintiff's product is known in the markets of the world. Is it credible that purchasers possessing ordinary intelligence, and observing reasonable care, would confound "Standard White Astral Oil" with "Pratt's Astral Oil"? Moreover, the plaintiff's packages of refined petroleum are designated by a peculiar brand of which the said name forms a part. Now, the brand used by the defendants is not in imitation of the plaintiff's, but essentially differs therefrom. Indeed, it seems to me to be quite impossible that any purchaser would mistake one for the other. The brand of the defendant company, so far from tending to mislead buyers,

points directly and unequivocally to the origin of the contents of the packages.

There is not a particle of proof that the defendants have attempted to practice deception upon the public, or to perpetrate any fraud upon the plaintiff; but, on the contrary, the defendants' entire good faith is affirmatively shown. There is, then, no ground whatever for granting relief to the plaintiff. That the bill must be dismissed, is a conclusion in consonance with well-considered and authoritative decisions. *Desmond's Appeal, supra; Gilman* v. *Hunnewell,* 122 Mass. 139; *Manufacturing Co.* v. *Trainer,* 101 U. S. 51.

Let a decree be drawn dismissing the bill, with costs.