BUCK'S STOVE & RANGE CO. v. KIECHLE et al.

(Circuit Court, D. Indiana. October 23, 1896.)

No. 9,363.

TRADE-MARK—UNFAIR COMPETITION.
One who makes stoves and ranges with white enamel lining on the inside of the doors, in the similitude of those long manufactured and sold by another, with the fraudulent purpose and result of palming them off upon the trade and public as the manufacture of such other, may be enjoined, whether such white enamel lining constitutes a trade-mark or not.

This was a suit in equity by Buck's Stove & Range Company against Frederick Kiechle and others, for an injunction and accounting of damages for alleged unfair competition in the manufacture and sale of cooking stoves and ranges. The cause was heard on demurrer to the bill.

After stating the requisite facts to show jurisdiction, the bill avers: That, many years ago, to wit, in or about 1866, the complainant adopted, as a distinguishing characteristic for its cooking stoves and ranges, white enamel lining,—that is to say, a lining of white enamel for the inside of the doors of its cooking stoves and ranges,—to the end that the trade and public might come to recognize the cooking stoves and ranges of complainant's manufacture by this peculiarity, as a characteristic which would distinguish the cooking stoves and ranges of complainant's manufacture from the cooking stoves and ranges of all other manufacturers of cooking stoves and ranges; the fact being that, at the time the complainant adopted the aforesaid distinguishing characteristic, and for years thereafter, and until the actions of the defendants hereinafter complained of, no other cooking stove manufacturer in the United States had or has made and sold cooking stoves and ranges with oven doors having the inside thereof lined with white enamel. That the similarity in general style, shape, and design of cooking stoves and ranges made by different stove manufacturers in the United States, is, and has been during all the time hereinafter referred to, so very similar that, to the average purchaser buying a stove or range for use in the household, it is difficult to distinguish the stove or range of one manufacturer from the stove or range of another; especially so in view of the fact that the plates comprising the different parts of the stove or range can be and readily are taken apart and used by a rival manufacturer as patterns from which to mold a stove or range of its own in close similitude to the stove or range of the manufacturer who has obtained celebrity in the market for his goods. That complainant, since in or about 1866, has used great skill and fidelity in the manufacture of its stoves and ranges, always enameling with white enamel the inner face of its stove and range doors, with the result that for years last past, and long prior to the action of defendants hereinafter complained of, its stoves and ranges had obtained great celebrity in the market of the United States, especially in the Middle, Northern, Southern, and Western states, and in the city of Evansville, Ind., as "White Enamel" stoves and ranges, and were so known by the trade and public in all the territory aforesaid, and distinguished by the trade and public from the stoves and ranges of other stove manufacturers as "White Enamel" stoves and ranges. That, in exposing stoves and ranges for sale, it is the custom and demand to show the intending purchaser the oven of the stove or range, and to open the oven door to that end, or (what is also common) to leave at least one of the oven doors open, so that the oven is in plain view; and that in recognition of this custom and demand, as an effective way of impressing on the mind of the trade and public complainant's stoves and ranges, and characterizing by a distinguishing feature its stoves and ranges from all others, it has, since 1866, continuously used, and now uses, white enamel lining for the oven doors of its cooking stoves and ranges, with the result intended and desired as hereinbefore set forth. That its trade in the manufacture and sale of cooking stoves and ranges, with white enamel used, as aforesaid, as a distinguishing feature, has steadily increased from year to year; that it was the first to adopt the aforesaid white enamel for an inner lining for oven doors of cooking stoves and ranges; and that, but for the action of defendants hereinafter complained of, it would now be in the undisturbed enjoyment of the celebrity which it has earned with the trade and public for its cooking stoves and ranges as White Enamel stoves and ranges. That the good will of complainant in the manufacture and sale of cooking stoves and ranges under said name, "White Enamel," because of said distinguishing characteristic, is of the value of $100,000. That defendants, well knowing the premises, but seeking how they might trade on the reputation of complainant, and find a ready sale for their products, without authority of complainant, and in violation of its rights, and contrary to equity and good conscience, have recently, before the filing of this bill, made or caused to be made cooking stoves and ranges in general

external appearance similar to complainant's manufacture, enameling the inside face of such cooking stoves and ranges with white enamel, with the result that said cooking stoves and ranges can be, and in fact are, sold to the trade, and by the trade to the public, as "White Enamel" cooking stoves and ranges, to the manifest and irreparable injury of complainant, the actions of said defendants hereinbefore set forth being calculated to deceive, and resulting in actual deception of, the trade and public. That by reason of such wrongful conduct the complainant has suffered loss and damage in the sum of $10,000. That complainant has called the attention of defendants to its aforesaid rights, and to defendants' wrongful conduct, and asked them to desist, which they have refused to do. That complainant has no adequate remedy at law, and it therefore brings this suit, and prays for an injunction and for an accounting of damages.

Paul Bakewell and Chester Bradford, for complainant.
Philip H. Frey and Morris, Newberger & Curtis, for defendants.

BAKER, District Judge (after stating the facts). The defendants have interposed a demurrer to the complainant's bill. If the question for decision were simply whether the plaintiff could acquire the sole right to use white enamel for the lining of the doors of its stoves and ranges, it would present a question whose solution would prove embarrassing. But the case made upon the bill and admitted by the demurrer is that the defendants are manufacturing stoves and ranges having white enamel doors in the similitude of those manufactured by complainant, and with the fraudulent purpose of palming them off upon the trade and the public as the stoves and ranges manufactured by the complainant. It is not necessary to determine whether the white enamel lining which has been long and exclusively used by the complainant for the inner lining of the doors of its stoves and ranges constitutes a trademark, or whether it does not. It is sufficient to justify the interposition of a court of equity if the stoves and ranges manufactured by the defendants are purposely constructed in the similitude of those manufactured by the complainant, with the intention and result of deceiving the trade and the public, and inducing them to purchase the stoves and ranges of the defendants in the belief that they are purchasing the stoves and ranges of the complainant's manufacture. The imitative devices used upon the stoves and ranges manufactured by the defendants are alleged to be employed by them for the purpose and with the result of deceiving the public, and thereby diverting the trade of the complainant to the defendants. This they have neither the moral nor the legal right to do.

Judge Clifford, in delivering the opinion of the court in McLean v. Fleming, 96 U. S. 245, 254, says:

"Nor is it necessary, in order to give a right to an injunction, that a specific trade-mark should be infringed; but it is sufficient that the court is satisfied that there was an intent on the part of the respondent to palm off his goods as the goods of the complainant, and that he persists in so doing after being requested to desist."

And in the recent case of Coats v. Thread Co., 149 U. S. 562, 566, 13 Sup. Ct. 966, 967, it is said:

"There can be no question of the soundness of the plaintiffs' proposition that, irrespective of the technical question of trade-mark, the defendants have no right to dress their goods up in such manner as to deceive an intending purchaser, and induce him to believe he is buying those of the plaintiffs. Rival manufacturers may lawfully compete for the patronage of the public in the quality and price of their goods, in the beauty and tastefulness of their inclosing packages, in the extent of their advertising, and in the employment of agents; but they have no right, by imitative devices, to beguile the public into buying their wares under the impression they are buying those of their rivals. Perry v. Truefitt, 6 Beav. 66; Croft v. Day, 7 Beav. 84; Lee v. Haley, 5 Ch. App. 155; Wotherspoon v. Currie, L. R. 5 H. L. 508; Johnston v. Ewing, 7 App. Cas. 219; Thompson v. Montgomery, 41 Ch. Div. 35; Taylor v. Carpenter, 2 Sandf. Ch. 603; Manufacturing Co. v. Spear, 2 Sandf. 599; McLean v. Fleming, 96 U. S. 245; Boardman v. Brittannia Co., 35 Conn. 402; Gilman v. Hunnewell, 122 Mass. 139."

Under the foregoing principles the facts alleged in the bill and admitted by the demurrer are sufficient to constitute a prima facie case for relief, and therefore the demurrer must be overruled.