## Andrew J. Templeton v. The People.

*Criminal law: Examination: Defense: Evidence.* The fact that a prisoner on trial for a criminal offense gave no evidence on his examination before the magistrate, cannot be shown on his trial as evidence of his guilt, or as ground of an inference or presumption against his innocence; otherwise all benefit of the privilege which the statute expressly gives the prisoner of electing to make or not to make defense on his examination, would in effect be taken away from him.

*Information.* The objection to a count in an information charging an attempt to murder by poison, that it does not set forth the special circumstances of the attempt, is untenable.

*Evidence.* Upon the trial for an attempt to murder by poison, evidence of a prior criminal intimacy between the prisoner and the wife of the subject of the alleged attempt, and that she was sought to be used by the prisoner as an instrument in the attempt, is competent as showing the relations between them, and as bearing upon the means and opportunity to commit the offense, as well as the motive.—*People v. Jenness, 5 Mich., 323,* cited and approved.

*Heard July 16. Decided July 22.*

Error to Saginaw Circuit.

*William A. Clark, C. S. Draper* and *William H. Sweet,* for plaintiff in error.

*Dan P. Foote* and *Byron D. Ball, Attorney General,* for the People.

GRAVES, J.

The plaintiff in error was charged with an attempt to murder by poison, and was convicted and sentenced.

On the trial the prosecution was allowed, under objection, to give in evidence the return of the examining magistrate, to show that upon the examination he gave no evidence, and the court instructed the jury that they were at liberty to consider this as entitled to more or less weight, as it should seem to them proper and just, as evidence bearing on the prisoner's guilt.

We think in this the court erred. While we do not doubt but that the fact that a person charged with crime

makes no defense on the preliminary examination, may be necessary and proper evidence frequently to support or establish some point or proposition, we are clearly of opinion that it cannot be introduced, as in this instance, on the trial of the charge on which he was examined, to prove his guilt. The statute expressly gives the prisoner an election to make or not make defense on his examination before the magistrate, and any rule which would make the exercise of such right, one way or the other, a ground of presumption against his innocence on the trial, would be nearly, if not quite, tantamount to a denial of the right altogether. The law wisely leaves him to his free choice to put in evidence or not, before the magistrate, and this privilege can not be hampered by making its exercise one way a ground of inference on the trial, of his criminality. The right to refrain from defensive action before the magistrate is as clearly given as the right to take the contrary course, and it would be reflecting upon the consistency and justice of the law to say that while it secures this as an absolute right of the prisoner in the proceedings, it at the same time turns it into evidence against him.

An objection was taken to the sufficiency of the first count in the information on the ground, as we understand, that it did not set forth the special circumstances of the attempt. This objection, however, was not much pressed, and it is not maintainable.

Under objection, evidence was given having a tendency to show that a criminal intimacy had for some time prior to the attempt existed between the prisoner and Mrs. Neriter, the wife of the subject of the alleged attempt, and that she was sought to be used by the prisoner as an instrument in the attempt. It is claimed that this evidence was improper, as tending to show a distinct criminal offense, in order to raise an inference that the prisoner had committed another and wholly different one.

We think the evidence was clearly admissible, to show the relations between the prisoner and Mrs. Neriter, under

the circumstances of this case. The evidence was pertinent as bearing upon the means and opportunity to commit the offense, and as bearing also upon the question of motive. The doctrine was fully discussed in *People v. Jenness, 5 Mich., 323;* and it was also elaborately examined in *People v. Stout, 4 Park., C. C., 125.*

Some minor objections appear in the record, but as the questions will not be likely to arise on another trial, it is useless to discuss them.

The judgment must be reversed, and a new trial ordered. An order must likewise be entered requiring the prisoner to be remanded to the custody of the sheriff of Saginaw county, to be held pursuant to law for further proceedings.

The other Justices concurred.