COMMONWEALTH *vs.* JACOB ROZEN & another.

Suffolk.    March 12, 1900. — May 17, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Counterfeiting Trade-marks — Certificate — Partnership — Verification by Oath*
*— Statement no Ground for invalidating Registration — Intention — Statute.*

It is sufficient if the certificate required to be filed under St. 1893, c. 443, relative
to trade-marks gives the name of a partnership; and the declaration required by
the statute may be verified by the oath of one of the partners.

At the trial of a complaint for using counterfeit trade-marks it appeared that two
of the certificates, required by St. 1893, c. 443, to set forth the length of time, if
any, during which the trade-mark had been in use, read "since about 1888," and
a third "since the year 1888," and that the two former had in fact been in use
two or three years and the latter some nine years or more. *Held*, that the dif-
ference was to the disadvantage of the applicants, if anybody; and that it was
no ground for invalidating the registration.

If at the trial of a complaint for using counterfeit trade-marks there is no evidence
as to where the defendants intended to sell the goods or where the firms having
the trade-marks sold theirs, beyond the fact that all parties concerned had their
places of business in Boston, it is a sufficient answer to the objection that enough
does not appear to make the act constitutionally applicable to the defendants,
and that a verdict should have been directed for them as requested, that if it
would be a defence to show that goods to which counterfeit trade-marks had
been attached in this State were intended solely for sale in other States, the de-
fendants were called upon to give some evidence of the intent. The govern-
ment made out at least a *prima facie* case by establishing the facts admitted.

COMPLAINT, for using counterfeit trade-marks on cigars. Trial
in the Superior Court, before *Bond*, J., who refused to direct
a verdict for the defendants, and to rule that St. 1893, c. 443,
was unconstitutional.

The jury returned a verdict of guilty; and the defendants
alleged exceptions, which appear in the opinion.

*S. H. Tyng,* (*B. H. Greenhood* with him,) for the defendants.

*J. D. McLaughlin,* Second Assistant District Attorney, for the
Commonwealth.

HOLMES, C. J.    This is a complaint under St. 1895, c. 462,
§ 4, for using counterfeit trade-marks upon cigars. The defend-
ants admitted that they were guilty subject to the question
whether there was a valid registration of the trade-marks, in-
cluding the question whether the statute was constitutional in

its application to this case.   These questions were raised by requests for rulings which need not be repeated at length, and come here on exceptions.

The trade-marks were recorded under St. 1893, c. 443, but it is not disputed that if properly recorded the liability for counterfeiting them is preserved by § 7 of the later act.

The act of 1893 provides that a " person, association, or union" that has adopted a trade-mark as therein provided (see § 1) may file the same for record, etc., and " shall file therewith a certificate specifying the name or names of the person, association, or union so filing" the same, etc.   § 4.   The trade-marks in question were recorded by three firms, Alles and Fisher, Breslin and Campbell, and Henry Traiser and Company, and the certificate in each case gave only the firm name as the name of the person, etc., so filing.   It is argued that partnerships can come into this section only under the word " person," as " association " and " union " are shown by the context to mean associations like trade unions, that have officers, that the person who files is the person who has adopted the trade-mark under § 1, and that when those who have adopted and filed are more than one their names must all be set forth, as recognized by the words " name or names " above quoted.

We think that this argument puts into the statute a preciseness of specification that is not there.   The words " name or names" are satisfied if applied to the case of two or more persons who have no conventional joint name.   Perhaps other cases could be imagined.   But the policy of the statute does not require all the names of the co-owners of a trade-mark, as is shown by its terms when the co-owners are an unincorporated association with officers.   There is no more reason for requiring all the names of an ordinary partnership to be set out than there is for a similar requirement in the case of a larger one organized like the one referred to in *Phillips* v. *Blatchford*, 137 Mass. 510. The recording of trade-marks by ordinary partnerships is contemplated expressly in the words of the oath to be mentioned in a moment.   An ordinary firm name gives more information about the members who compose the partnership than the name of a larger unincorporated association would give.   If the words of the statute are to be taken with grammatical nicety upon a ques-

tion evidently not before the minds of the Legislature, we may say that the firm is a " person " within the meaning of that word, or we may extend the word " association " to include associations without as well as with officers.     See *Smith* v. *Reynolds*, 10 Blatchf. 100.

The statute further requires the certificate to be " accompanied by a written declaration, verified under oath by the person or some officer of the association or union by whom it is filed, to the effect that the party so filing such . . . trade-mark . . . has a right to the use of the same, and that no other person, firm, association, union, or corporation has the right to such use," etc.     § 4. The declarations accompanying the certificates in question were verified in each case by the oath of only one partner, and this again is urged as a failure to comply with the conditions of the act.     Evidently the office of the Secretary of the Commonwealth has not understood the act to be so precise in this any more than in the last mentioned requirement, as is apparent from the practice in the three instances before us ; and we are of opinion that its understanding and practice are right.     The oath of one of the persons by whom the trade-mark is filed is enough by the words of the statute when he is an officer of an unincorporated association.     We are of opinion that it equally is so when he is the member of a firm.     Whether if we had construed the statute more strictly a failure to comply with it exactly could be set up here, after the Secretary of the Commonwealth had issued his certificate, we have not considered.     See *Whittemore* v. *Cutter*, 1 Gallison, 429, 433 ; *Crompton* v. *Belknap Mills*, 3 Fisher, Pat. Cas. 536, 541 ; *Seymour* v. *Osborne*, 11 Wall. 516, 540, 541 ; *Hoe* v. *Cottrell*, 17 Blatchf. 546, 549.

The statute further requires the certificate to set forth the length of time, if any, during which the trade-mark has been in use.     Two of the certificates read "since about 1888," and one, "since the year 1888."     The former two trade-marks, in fact, had been in use two or three years, and the latter some nine years or more.     It is objected that the time should have been set forth truly and in precise form.     But the difference was to the disadvantage of the applicants, if of anybody, and is no ground for invalidating the registration.

There was no evidence as to where the defendants intended to

sell their cigars, or where the firms having the trade-marks sold theirs, beyond the fact that all parties concerned had their places of business in Boston.    It is objected that enough did not appear to make the act constitutionally applicable to the defendants, and that a verdict should have been directed for them as requested.    To this it is a sufficient answer that if it would be a defence to show that goods to which counterfeit trade-marks had been attached in this State were intended solely for sale in other States, the defendants were called on to give some evidence of the intent.    The government made out at least a *prima facie* case by establishing the facts admitted here.    See *Commonwealth* v. *Kennedy*, 108 Mass. 292, 294; *Commonwealth* v. *Gagne*, 153 Mass. 205, 210; *Harris* v. *Quincy*, 171 Mass. 472, 473.

*Exceptions overruled.*