COMMONWEALTH *vs.* HIMON GOLDSTEIN & another.

Norfolk.    November 25, 1901. — January 4, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Evidence,* Admissions and confessions.

A defendant on trial in the Superior Court, on an indictment for breaking and entering a building in the night and committing larceny therein, endeavored to prove an alibi but was convicted. In the preliminary examination in a district court the defendant had been without counsel. He had pleaded not guilty but had offered no evidence. The judge refused to rule that the defendant's making no defence in the district court was not evidence against him. *Held,* that the refusal was right, and that the conduct of the defendant at the preliminary examination, in making no attempt at that time to clear himself by stating a defence so obvious if true, could be considered by the jury.

HOLMES, C. J. The defendant was complained of in the District Court for breaking and entering a building in the night with intent to commit larceny and committing larceny therein. He pleaded not guilty but offered no evidence, and was ordered to recognize for appearance in the Superior Court. At this time

he was without counsel. At the trial in the Superior Court he endeavored to prove an alibi, but was convicted. In arguing the case the Assistant District Attorney commented on the fact that the evidence had not been offered below. The counsel for the defendant asked the judge to stop this line of argument and excepted to his refusal to interfere, and afterwards asked for a ruling that the defendant's making no defence in the District Court was not evidence against him and could not be used for any purpose at this trial. This ruling was refused and the defendant excepted again. By this request and exception the defendant saved his rights. *O'Driscoll* v. *Lynn & Boston Railroad, ante,* 187.

It is argued that the offence was a felony not within the jurisdiction of the District Court to punish, Pub. Sts. c. 203, § 12, c. 210, § 1, St. 1893, c. 396, § 34, that the proceedings in that court were merely to determine whether the defendant should be bound over to answer in the Superior Court, and that not only was any unfavorable conclusion from the defendant's conduct unwarranted but it is putting a pressure upon a prisoner from which he should be free, if his failure to produce his evidence upon such proceedings can be turned against him. *Templeton* v. *People,* 27 Mich. 501.

We certainly should be slow to lay down any general proposition concerning the conclusion to be drawn from silence in the District Court. If due to strategic considerations, which in this case it was less likely to be than if the defendant had had counsel, we should hesitate to say that it tended to show a bad case. Similar conduct in civil causes is familiar. It has been held that a waiver of examination, although it has the same effect as a finding by a magistrate of probable cause to believe the defendant guilty, (*State* v. *Cobb,* 71 Maine, 198,) is not such an admission of probable cause as to preclude a subsequent action for malicious prosecution. *Schoonover* v. *Myers,* 28 Ill. 308. *Hess* v. *Oregon Baking Co.* 31 Oregon, 503. And to this we quite agree. Nevertheless, however uncertain the inference from the conduct of an accused party may be with regard to his innocence or guilt, such conduct generally is admissible in evidence, and what conclusions shall be drawn from it generally is left to the jury to decide.

Probably more circumstances were before the jury than appear in the exceptions; but even the exceptions do not leave the question in the naked form whether a failure to put in evidence under Pub. Sts. c. 212, § 30, warrants an unfavorable inference on the trial above. The character of the defence is to be noticed. It certainly might be thought likely that if a plain man unadvised were charged with such a crime and knew that several persons could prove that he was at home at the time, he would say so and would make some effort to produce them. Whatever the nature of the proceedings, they give the defendant an opportunity to get rid of further trouble, and the defence is so untechnical, so obvious, and, if the witnesses are believed, so conclusive, that a jury fairly might think that it would be natural to set it up at the first chance. So far as the legitimacy of an unfavorable inference is concerned, if the jury should draw it on all their impressions of the case, we cannot say that it would be unwarranted.

As to the undue pressure on the prisoner, it does not seem to us a good reason for freeing him from the effect of any legitimate and natural inference against him that he can make a more effective defence if he has a chance to catch the government by surprise. It is not to be supposed that knowing what he has to meet will lead a prosecuting officer to do more than investigate and try to present the truth. A defendant has no general immunity from comment on his mode of conducting his defence in a criminal case. If new evidence should be produced at a second trial which might have been produced before, there is no doubt that it would be open to the criticism and argument objected to in this case. So, the failure to produce a witness who had testified at the first trial, *Commonwealth* v. *Haskell,* 140 Mass. 128, or to offer evidence in explanation or contradiction of circumstances tending to prove guilt, when such evidence, if it existed, would be at the prisoner's command. *Commonwealth* v. *Webster,* 5 Cush. 295, 316. *Commonwealth* v. *Clark,* 14 Gray, 367, 373. *Commonwealth* v. *Costley,* 118 Mass. 1, 27.

The ground on which *Templeton* v. *People,* 27 Mich. 501, is put is that the statute expressly gives the prisoner an election to make or not to make a defence, and therefore impliedly pro-

hibits an unfavorable inference from his choice. We find no
such provisions in our laws. It is beyond our province to ex-
amine where it ·was found in the statutes of Michigan. See
*Tweedle* v. *State,* 29 Tex. App. 586, 591.

*Exceptions overruled.*

*T. E. Grover,* for the defendant Goldstein.

*R. H. O. Schulz,* Assistant District Attorney, for the Com-
monwealth.