### COMMONWEALTH *vs.* SOLOMON ANSELVICH.

Suffolk.    June 22, 1904. — September 7, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Constitutional Law,* Class legislation, Unconstitutionality of part of statute. *Trademark,* Unlawful use and sale of registered bottles. *Bottles. Practice, Criminal,* Motion to quash. *Statute,* Repeal. *Evidence,* Admissions and confessions.

R. L. c. 72, § 16, imposing a penalty of fine or imprisonment for the use and sale of registered bottles without the written consent of the person whose name is on the bottles unless purchased from him, is not unconstitutional as class legislation or otherwise.

The constitutionality of R. L. c. 72, § 18, authorizing the issuing of search warrants in case of the unlawful use and sale of registered bottles was not passed upon in this case, but it was *held,* that, if that section is unconstitutional, its unconstitutionality does not affect the validity of § 16 of the same chapter imposing a penalty of fine or imprisonment for the unauthorized use and sale of registered bottles.

Under R. L. c. 219, § 21, a motion to quash a complaint for defects of form cannot be made for the first time in the Superior Court in a case which has come to that court by appeal from a municipal court.

By R. L. c. 226, § 2, a statute repealed by R. L. c. 227, but embodied in substance in a provision contained in a preceding chapter of the Revised Laws, is construed as continued in force and not as repealed and re-enacted.

Under R. L. c. 226, §§ 4, 5, 6, in regard to the effect of a repeal of a law by the Revised Laws, the filing and publication of the description of a name used as a trademark on registered bottles, if made under St. 1893, c. 440, § 1, is good under R. L. c. 72, § 15, embodying the same provision in substance, although St. 1893, c. 440, is enumerated among the laws repealed by R. L. c. 227.

On the trial of a criminal complaint in the Superior Court on appeal from a municipal court, the jury may be told that they may consider the fact that one branch of the defence introduced in the Superior Court was not presented at the trial

in the court below, if they also are told that the defendant might have refrained on the ground of policy from putting in his defence or a part of it in the lower court, and that if he did so no inference can be drawn against him from his failure to put it in, and that unless the jury are satisfied that the defendant had the evidence in his possession at the time and would have put it in at the trial in the lower court if it had been true, no inference should be drawn against him for his failure to introduce it there.

COMPLAINT, received and sworn to in the Municipal Court of the Roxbury District of the City of Boston on October 29, 1902, under R. L. c. 72, § 16, charging the defendant with the illegal use and sale of certain registered bottles as stated in the first paragraph of the opinion.

The defendant, having been found guilty, appealed to the Superior Court, where he was tried before *Bond*, J. The defendant filed in that court a motion to quash the complaint which was denied by the judge. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. W. Corcoran, W. B. Sullivan & C. W. Ford*, for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

KNOWLTON, C. J. This is a complaint under the R. L. c. 72, § 16, charging the defendant with having sold, bought, given, taken, or otherwise disposed of or trafficked in certain bottles, marked and distinguished with the name of L. Speidel and Company, as set forth in the complaint, together with the word "Registered," the description of which name, mark and device had previously been duly and legally filed and published. The principal contention of the defendant is that the statute under which the complaint was made is unconstitutional.

This statute appears to have three objects, of which one is to protect the public from fraud and deception by preventing the unauthorized use, a second time, of vessels or receptacles originally marked in such a way as to indicate their contents together with the source from which they came; another is to protect the manufacturer or dealer from loss of profits or reputation by the unauthorized use of his property to deceive the public by a sale of an inferior article in such a manner as to indicate that it was manufactured or put up by him; and the third is to aid the manufacturer or dealer in protecting and preserving a kind of prop-

erty, which, from its nature and use, is peculiarly liable to be misappropriated by careless or dishonest persons. These are proper objects of legislation, which have been recognized in our statutes for many years. Sts. 1850, c. 90, §§ 1, 2; 1852, c. 197; 1853, c. 156, § 1; 1870, c. 340. Rev. Sts. c. 28, § 132. Gen. Sts. c. 49, § 117; c. 56, § 3; c. 161, §§ 55, 56. Pub. Sts. c. 76, §§ 3, 4, 5, 6; c. 203, §§ 63, 64. R. L. c. 72, §§ 2, 3, 5, 10, 12. Unless this statute violates the Constitution in the nature of its provisions, or in the methods which it prescribes to accomplish the objects of the Legislature, it must be sustained. We see nothing in it that transcends the power of the Legislature in these particulars. The means provided are reasonably adapted to the ends in view. The statute does not apply to any case in which there has been a purchase from the owner of the registered receptacle, and it properly forbids the defacement, or use, or sale of the receptacle without the written consent of the owner, in all cases in which there has been no purchase by any one from him.

The defendant contends that the statute improperly gives advantages to certain classes of persons, which others do not have. In this he is mistaken. It makes provisions in reference to a kind of property, used in a peculiar way, which is of such a nature as to call for peculiar provisions for the protection of the public and of its owners against the fraud of evil doers. So too the provision making possession by an agent or dealer, without the written consent of or purchase from the owner, *prima facie* evidence of a violation of the statute, is not class legislation. The peculiar conditions referred to in this part of the statute have such a probable connection with the commission of the offence, that the Legislature well may legislate in reference to them. It is not persons who are particularly dealt with in the statute, but the conditions which pertain to their occupation and business. It is in the power of the Legislature to make certain conditions *prima facie* evidence of the commission of a crime, and this is a common kind of legislation. *Commonwealth* v. *Williams*, 6 Gray, 1. *Holmes* v. *Hunt*, 122 Mass. 505, 518. *Commonwealth* v. *Hall*, 128 Mass. 410. *Commonwealth* v. *Barber*, 143 Mass. 560. *Commonwealth* v. *Intoxicating Liquors*, 172 Mass. 311. It cannot be said that the conditions referred to in

this statute are so foreign to probable guilt as to furnish no justification for the legislative enactment that they shall be deemed *prima facie* evidence of guilt.

Statutes having some of the features of this act as to the protection of trademarks have been upheld by this court. *Commonwealth* v. *Rozen,* 176 Mass. 129. *Tracy* v. *Banker,* 170 Mass. 266. *Gilman* v. *Hunnewell,* 122 Mass. 139. *Lawrence Manuf. Co.* v. *Lowell Hosiery Mills,* 129 Mass. 325.

The case of *People* v. *Cannon,* 139 N. Y. 32, arose under a statute whose language is almost identical with the language of this, as found in the original enactment in the St. 1893, c. 440, and the court, in an elaborate opinion, unanimously held the law to be constitutional. Decisions in *Gillespie* v. *People,* 188 Ill. 176, and *Horwich* v. *Walker-Gordon Laboratory Co.* 205 Ill. 497, declaring similar statutes unconstitutional, are not in harmony with the cases in this Commonwealth. We are clearly of opinion that the parts of the statute involved in this case are constitutional. Without intimating that there is any ground for a different conclusion in regard to § 18 of the chapter (see *Commonwealth* v. *Intoxicating Liquors,* 172 Mass. 311) it is enough to say as to this part of the statute, that it is not involved in the present case, and that it is not so far essential to the other parts of the act that its unconstitutionality, if it were unconstitutional, would affect their validity. *Commonwealth* v. *Petranich,* 183 Mass. 217. *Edwards* v. *Bruorton,* 184 Mass. 529.

The second part of the motion to quash, which relates to matters of form, not having been made in the lower court, comes too late and need not be considered. R. L. c. 219, § 21. *Commonwealth* v. *Reid,* 175 Mass. 325.

The defendant objected to evidence of the filing and publication of the description of the name used by L. Speidel and Company, because it was done about January 17, 1900, before the enactment of the Revised Laws under which the complaint was made. The answer to this objection is that the filing and publication were done pursuant to the St. 1893, c. 440, § 1, which was repealed by the R. L. c. 227, but was embodied in substance in the R. L. c. 72, § 15. It is provided by the R. L. c. 226, § 2, that "The provisions of the Revised Laws, so far as they are the same as those of existing statutes, shall be construed as a con-

tinuation thereof and not as new enactments." So also, § 4 of this chapter provides that the repeal of a law by the chapter "shall not affect any act done, ratified or confirmed, or any right accrued or established . . . before the repeal takes effect," etc. See also R. L. c. 226, §§ 5, 6. The evidence was rightly admitted.

The defendant also objects to that part of the charge in which the judge instructed the jury that they might consider the fact that one branch of the defence introduced at this trial was not presented at the trial in the lower court. This instruction was carefully guarded. The jury were shown that a party might, on grounds of policy, refrain from putting in his defence, or a part of his defence, in the lower court, and that in such a case no inference could be drawn against him from his failure to put it in. They were told that unless they were satisfied that the defendant had the evidence in his possession at the time, and would have put it in at the trial in the lower court if it had been true, no inference should be drawn against him from his failure to introduce it there. There was no error in the instruction. *Commonwealth* v. *Goldstein,* 180 Mass. 374.

*Exceptions overruled.*