Price, J.
On the 9th day of April, 1880, the general assembly of the state of Ohio, passed an act entitled: “An act to protect manufacturers, bottlers and dealers in ginger ale, seltzer-water, mineral water, and other beverages, from the loss of their bottles and boxes.” See 77 O. L., 140. The *448 first section of the act provided that all persons engaged in the manufacture, bottling or selling of ginger ale, seltzer water, soda water, mineral water, or other beverages, in bottles or boxes, with the name or names, or initials of the owner or owners thereof blown, stamped, or marked thereon, may file in the office of the secretary of state and also in the office of the county clerk of the county in which such, articles are manufactured, bottled or sold, the name or names or initials so used by them, and cause the same to be printed for six successive weeks in a weekly newspaper printed in the English language, in counties where no daily newspaper is printed or published; and in counties where a daily newspaper is printed and published, the same shall also be published in a daily newspaper of general circulation printed in the English language, six times a week for six consecutive weeks, in counties where such articles are manufactured, bottled or sold.
The second section made it unlawful for one to use srtch bottles, etc., without the written consent of the owners thereof and a penalty was prescribed for a violation of the section. The third section provided for the issuing of a search warrant to search premises for the discovery of bottles used in the violation of the act, etc. The foregoing act became a part of the Revised Statutes, and on the 23d day of April, 1902, an act was passed to “amend Sections 4364-42, 4364-43, 4364-44 and 4364-45.” This sectional numbering was made a part of the amending act, and by if they became a part of the Revised Statutes, and the original sections were repealed. See 95 O. L., 248.
*449 The first section of the act as amended, or Section 4364-42, now reads:
“Section 4364-42. Any person or persons engaged in the selling of any merchandise, food or beverage in bottles or other vessels, and having a name or names, or other marks of ownership stamped or in any manner designated upon such bottles or vessels,- or upon covers or stoppers or other attachments of the same, or upon boxes or receptacles used for the handling or transportation of the same, may file in the office of Secretary of State a copy or description of such name or names or marks of ownership so used by them, and cause a certified copy of such filing to be published once a week for four successive weeks in a newspaper printed in the English language in the county wherein their principal place of'business is located, and if this be a county where a German newspaper is printed, also in a newspaper printed' in the German language, or if there be no such principal place of business in the state, then in a newspaper printed in the English language and in a newspaper printed in the German language in any county in the state.
“Séction 4364-43. It shall hereafter be unlawful for any person or persons without the written consent of the owner or owners thereof, to fill or cause to be filled any such stamped or designated bottle or vessel, with intent to use or sell the same or contents thereof, or to use, buy, sell or wantonly destroy, or to receive with intent to use or - sell any such stamped or designated bottle or vessel, whether filled or not, or the stamped or designated •cover or stopper or other attachment belonging *450 thereto, or any such stamped or designated box or receptacle used for handling or transportation of such bottles or vessels, or to cause the same to be so used, bought, sold, wantonly destroyed or received. The using, buying, or selling by any person or persons, or the possession by any person or persons without the written consent of the rightful owner, of any such stamped or designated bottle or vessel, or stamped or designated cover or stopper or attachment belonging thereto or of any such stamped or designated box or receptacle used for handling or transportation of such stamped or designated bottles or vessels, shall be prima facie evidence of the unlawful use and receiving thereof as prohibited in this act.
“The requiring, taking or accepting of any deposit for the return of any such stamped or designated bottle or vessel, or cover or stopper or attachment belonging to same, or box or receptacle used for handling or transportation of same, or the demanding or accepting of any compensation for the non-return, of any such property shall not be deemed a sale of such property, either optional or otherwise, in any proceeding under this act.
“Any person or persons violating the provisions of this act shall be guilty of a misdemeanor and shall' be punished before any court of competent jurisdiction, for the first offense by a fine of fifty cents for each and every such bottle or vessel so filled, or each and every bottlé, vessel, stopper, attachment, box or receptacle, so used, bought, sold, destroyed or received, or caused to be sold, used, bought, destroyed or received, contrary to the provisions of this act, or by imprisonment not less *451 than ten days nor more than thirty days or by. both such fine and imprisonment, and for each subsequent offense by a fine of not less than one dollar nor more than five dollars for each and every such bottle or vessel so filled Or caused to be filled, or each and every bottle, vessel, cover, stopper or attachment, box or receptacle so used, bought, sold, destroyed or received, or caused to be sold, used, bought, destroyed, or received, contrary to the provisions of this act, or by imprisonment not less than twenty days nor more than sixty days, or by both such fine and imprisonment.
“Section 4364-44. In case the owner or owners, having complied with the provisions of Section 4364-42 of the Revised Statutes of Ohio, or the agent of such owner or owners, shall make oath in writing before any justice of the peace or police judge, that affiant has reason to believe and does believe that any person or persons, are using in any manner declared unlawful by this act, any such marked or designated bottle or vessel, or marked or designated cover or stopper or attachment belonging thereto, or any such marked or designated box or receptacle used for handling or transportation of said bottles and vessels, the property of such owner or owners, or have the same in possession on premises occupied, used or controlled by such person or persons, the said justice of the peace or police judge shall issue his search-warrant and cause the premises designated to be searched, and thereafter such proceedings shall be had as now are provided by law in other cases where such warrants are issued.”
The next section in substance provides that any *452 person or persons who have heretofore filed in the office of the secretary of state a description of their property and caused the same to be published according to the law then existing, shall be required to again file and publish in' accordance with Section 4364-42, etc.
Section 4364-4.5 provides that all costs incurred in the enforcement of provisions of this act shall be assessed and collected in the same manner as in criminal cases ; and all fines collected by virtue of this act shall be disposed of as in cases of assault and battery.
While the foregoing sections are amendatory of the original act, they may be considered as under its title as first adopted, to-wit: “An act to protect manufacturers, bottlers and dealers in ginger ale, soda water, seltzer water, and other beverages, from the loss of their bottles and boxes;” because in the interpretation of an amending act, not only the original but its title may be looked to in aid of interpretation. The statute as amended uses broader terms than found in the original, and instead of “ginger ale, seltzer water, soda water, mineral water or other beverages,” as the subject of manufacture, bottling and sale, the present provision is, that “any person or persons engaged in the selling of any merchandise, food or beverages in bottles or other vessels, and having a name or names, or other marks of ownership stamped, or in any manner designated upon such bottles or vessels, or upon covers or stoppers or other attachments of the same, or upon boxes or receptacles used for handling or transportation of the same, may file in the office of the secretary of state *453 a copy or description of such name or names or marks of ownership so used by them,” etc. To the beverages named in the first act, “merchandise and food” are now added, and there are some other terms of description of the offense and .of limitation on the use of bottles, or other vessels mentioned in the act, which prohibited use is penalized as a misdemeanor, and the possession of. such articles by anyone “without the written consent of the rightful owner” shall be “prima facie evidence of the unlawful use and receiving thereof as prohibited in this act.”
There is provision for search warrant and seizure of property under certain circumstances, and in many respects, the provisions of the act are rigid and severe. On conviction, the property taken on the search warrant is tó be restored to the rightful' owner.
In the statement of the case is a copy of the indictment found against Schmuck, in which he is charged with having received, without the written consent of the rightful owner, seventy stamped and designated bottles and stoppers, and ten stamped and designated syphons and boxes, the personal property of the Cleveland Liquor League Bottling Works, with intent to use and sell the same. Other property belonging to other owners is also set out as the subject-matter of the defendant’s unlawful acts, and that said stamped and designated bottles, stoppers, syphons and boxes were stamped with the names and other marks of ownership of said several owners, in accordance with Section 4364-42, Revised Statutes, each of said owners having therétofore been and then *454 being engaged in selling beverages in said bottles,' syphons and boxes, and in using the same, and that each of the owners so described had filed with the secretary of state a copy and description of said names and marks of ownership, a copy of which filing was published as required by the statute, etc.
In short, Schmuck was accused of receiving the articles described, without the written consent of the owners, with intent to use and sell the same.
It is manifest that the general public has not been offended by the commission of the acts alleged in the indictment, nor does the statute ' in question make criminal any act in which the general public is concerned. Section 4364-43 makes it “unlawful for any person or persons, without the written consent of the owner or owners” of such bottles, boxes or other vessels, to fill or cause to be filled any such stamped or designated bottle or vessel with intent to use or sell the same or contents thereof, or to use, buy, sell or wantonly destroy, or to receive with intent to use or sell any such stamped or designated bottle or vessel, whether filled or not. By further language of the section, the possession of such articles by any one, or the using or buying and selling the same without the written consent of the owner or owners, shall be prima facie evidence of the unlawful use and receiving prohibited by the.act.
The statute is not aimed at the adulteration of any merchandise, food or beverage, nor does it appear from its terms that a compliance with it will tend to prevent adulteration, or secure to the public pure “merchandise,” pure “food,” or pure *455 “beverages.” Its sole purpose seems to be the protection of the owners of certain described articles of personal property, who are engaged in a limited line of business, and the a.ct might well be entitled: “An act to protect persons engaged in the selling of any merchandise, food or beverages in bottles or other vessels from the loss of their bottles or other vessels.” This purpose pervades every line of the statute, including the provision for search and seizure, and it is given criminal caste in order to secure to such owners a better protection than is or perhaps can be afforded to owners of any other class of property. As to the recovery of other hinds of property by the lawful owner, he must rely on proceedings in a civil action; but here the state of Ohio is to become the plaintiff and in a drastic criminal procedure, not only “get at” the property for the owner and restore it, but to punish by fine or imprisonment, or both, the person who has trespassed upon the title or possession of the owner. To aid in the work of prosecution, the premises of the accused may be searched on a warrant for that purpose, and the entire machinery of this statute exalts this species of property above all others. The owners of such bottles, vessels and their contents, mostly various kinds of beverages, are not left to civil remedies to which owners of other goods must resort in order to maintain their rights, but they may invoke the sovereign power of the state and its most commanding processes to save them from loss of bottle and box.
It is difficult to conceive of a clearer case of class legislation in favor of certain dealers who *456 have the ordinary means of reclaiming their property available to other citizens plus the criminal procedure of the state to not only reclaim but to punish. We have not yet fully stated the entire character of this legislation. It is part of Section 4364-43, that “the requiring-, taking or accepting of any deposit for the return of any such stamped or designated bottle or vessel, or cover or stopper or attachment belonging to same, or box or receptacle used for handling or transportation of same, or the demanding- or accepting- of any compensation for the non-return of any such property shall not be deemed a sale of such property, either optional or otherwise, in any proceeding under this act.” - Therefore, the owner who sells food or beverages in bottles or other vessels, may take a deposit to secure the return of his bottle or vessel, or he may demand and accept compensation for their non-return, yet he still owns the property, for such acceptance shall not be deemed a sale either optional or otherwise. In other words, the owner may demand and accept a sufficient deposit to secure him, or he may demand and accept full compensation for the non-return of his bottles or other vessels, yet he still owns them and may prosecute the party found in possession, through-sale or otherwise, without the written consent of the owner. The possession with the verbal consent of the owner will not protect, for a written consent must be shown.
A careful examination of this statute warrants the statement that innocent persons may come into possession of such articles — persons out of the county where the publication prescribed has been *457 made and who had no knowledge thereof, and yet his premises may be searched on warrant, property seized and such person, by fact of such possession confronted with a prima facie case against him. The possession without the written consent of the owner becomes a crime if„a prescribed publication is made. If no publication, no crime. The state .has not convinced us that such a statute should be upheld.
We are told in the brief that several states of the Union have enacted similar laws, and that in two or more such states the law .has been held valid by the courts of last resort. We have not the space for a comparison of the statutes of the various states named in the brief. It would surprise us somewhat if any state has enacted a law containing all the characteristics of the one before us. If precisely such legislation is found elsewhere, it tends to prove the assiduity of persons who. are engaged in similar occupations, in those jurisdictions.
Two cases are cited and relied on by the state as leading cases to sustain the legislation involved, and we have carefully examined them. One is People v. Cannon, 139 N. Y., 32. The prosecution in that case was grounded on Chapter 377 of the laws of New York for 1887, as amended by Chapter 181 of the laws of 1888. The - principal act is found in Laws of New York, 1887. The court of appeals of that state in the above case held the act to be constitutional. In many respects that statute is similar to ours, but in other respects of importance it is different. It comprehends the manufacturer as well as the bottler, and its provisions embrace a *458 greater number and variety of beverages. In its second section, after making the written consent of the owner necessary to legalize the use or sale of the enumerated articles by one not the owner, it is said, “unless the same shall have been purchased from the person or persons, corporation or corporations, whose mark or device shall be or shall -have been in or upon the bottles, box, syphon,” etc. No such language is found in our statute, and it appears that the quoted clause was considered of importance by the court, for Peck-ham, J., delivering the opinion of the court, and in answering one of the criticisms of the statute, made this statement on page 39: “It is a fact which everyone knows, that large amounts of the liquors originally put up in these bottles are sold by the manufacturers to the retail dealers, who sell-them to the customers, who.take them away in the original bottles in which the manufacturers delivered them to the retail dealers, and it can not be contended with any degree of plausibility, as it seems to us, that there is anything in the language of the statute, properly construed, which prohibits such a dealing in and delivery of the liquors by anyone into whose possession and ownership they have lawfully come.” And this, because of the foregoing clause of their statute, which is absent from ours. Our statute 'forbids the very thing permitted there. There are other points of difference not so material.
The other case relied upon is Commonwealth v. Anselvich, 186 Mass., 376. The prosecution was founded on Chapter 72, Revised Laws of Massa *459 chusetts, Vol. 1, 619 (Laws of 1902). Again we find both similarities and dissimilarities when compared with our statute. The search warrant provision was part of the statute of New York, as well as that of Massachusetts, at the dates of the two prosecutions referred to. Not much stress was laid on the provision in the New York case, and the court did not pass upon it. It was raised in the above Massachusetts case, but not decided, the court taking the view that if that section is unconstitutional, it would not invalidate the entire act. We are not satisfied with the reasoning in either of the cases, and prefer the doctrine of Lippman v. The People, 175 Ill., 101; and Horwich et al. v. The Walker-Gordon Laboratory Co., 205 Ill., 497. As compared with our statute, the laws of Illinois involved in each of these cases, has many things in common. It contained a provision for search and seizure which was held invalid in the' Lippman case. Speaking of that provision, the court, in the opinion on page 106, makes the following comment: “It confers upon them the power to call upon the state and its officers and judiciary to act as collectors of their bottles, kegs and boxes which they have voluntarily scattered over the state among their customers. It attempts to place at their disposal the extraordinary right of the search warrant, by which they arm a constable or other officer with process to intrude upon the premises or home of any citizen to recover their bottles, kegs, and the like * * The court proceeds to say that the persons to be protected by the statute substitute the search warrant *460 for a writ of replevin, and are thus made favorites over their fellows.
The statute of Illinois, pronounced bad in Lippman v. People, supra, was afterwards amended, no doubt to obviate objections pointed out by the court. But the amended act came before the same court in Horwich v. The Walker-Gordon Laboratory Co., supra, and the court again went over the whole subject and condemned the act. The action by the company was for an injunction to restrain Horwich et al. from buying, selling or keeping for sale,.etc., any of the bottles of such company. The court, through Justice Scott, on pages 503-505, clearly expresses our views of such legislation. Speaking of the class favored by the act, the court says, on page 509: “They stand on the same footing as other owners of personal property, and any law favoring them above others, for the reason alone that they own personal property of the kind specified in this act, is a special law, within the meaning of our constitution.”
So in the case at bar. The protection of the public against impure food or beverages is- not hinted at, and the entire scope of the statute is directed to aiding the owners of the bottles and other vessels in reclaiming property which they have once delivered to various persons at both near and remote points in the community. It is-against the genius of our constitution and especially forbidden by Sections 1-14 and 19 of Article I of the constitution of this state.
As to the sufficiency of the indictment, it. is enough to say that is is good enough for a bad *461 law. It is exceedingly difficult to frame a good indictment found under the provisions of an invalid statute.’
The exceptions are not well taken and are overruled.

Exceptions overruled.

Shauck, C. J., Crew, Summers, Spear and Davis, JJ., concur.