ARTHUR YAEGER, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed August 12, 1919.

CONSTITUTIONAL LAW—CHAPTER 4584 LAWS OF FLORIDA, APPROVED JUNE 5th, 1897, BROUGHT FORWARD INTO THE GENERAL STATUTES OF 1906 AS SECTIONS 3165, 3166, 3167, 3168 and 3345 HELD TO BE VIOLATIVE OF THE CONSTITUTION OF FLORIDA AND VOID.

1. Chapter 4584 Laws of Florida approved June 5th, 1897, entitled "AN ACT to Protect the Owners of Bottles, Boxes, Siphons, Fountains, Tins or Kegs Used in the Sale of Soda Water, Mineral or Aerated Waters, Porter, Ale, Beer, Cider, Ginger Ale, Milk, Cream, Small Beer, etc., brought forward into the General Statutes of 1906 as Sections 3165, 3166, 3167, 3168 and 3345 thereof, Held to be violative of the Constitution of Florida and is therefore null and void.

2. The perfectly harmless and innocent act within itself, that of refilling a glass bottle, is made penal by this statute merely because this statute prohibits it, yet the same statute

penalizes the otherwise innocent act 'of refilling it only when and only so long as the same bottle belongs to the highly favored class who have registered it. The moment the ownership of the bottle changes to that 'of another person or persons, it may be filled and refilled *ad libitum* without in the least violating this or any other law. This feature of this statute is an unjust and unreasonable legislative delegation to the class of people who own a very common and ordinary class of personal property an attribute to property, viz., its inhibited refillment, while and only so long as it remains the property of such highly favored class.

A Writ of Error to the Circuit Court for Duval County; George Couper Gibbs, Judge.

Reversed with directions to discharge the plaintiff in error.

*J. T. G. Crawford, Nathan P. Bryan* and *Ion L. Farris,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General; *C. O. Andrews,* Assistant; *Lake Jones* and *John E. Mathews,* for the State.

TAYLOR, J.—The plaintiff in error hereinafter referred to as the petitioner was arrested under the following affidavit and warrant:

"State of Florida,
Duval County.

"Personally appeared before me on this 8th day of Feb. A. D., 1919, E. L. Moler, who being by me first duly sworn, deposes and says: That he is the agent of Purity Ice Cream & Dairy Company, a corporation, that said corporation is engaged in the sale and manufacture of milk

and cream, and uses bottles in its business; that it has complied with the law of the State of Florida with reference to registering its trade name, to-wit, the word 'Purity's;' that on to-wit, the 8th day of February, A. D. 1919, A Yeager in said county and district, did unlawfully use bottles of the Purity Ice Cream & Dairy Company, on which was blown, etched, stamped or engraved the word 'Purity's,' by filling the same with milk or cream, and that said defendant is engaged in the sale of milk and cream, contrary to the laws and statutes of the State of Florida.

Sworn to and subscribed before
me this 8th day of Feb. A. D.
1919.                                        (Signed) E. L. Moler.
   (Signed) Jno. W. DuBose
Justices of the Peace, 10th District,
Duval County, Florida.

### "SEARCH WARRANT.

"In the Court of the Justice of the Peace 10th District, Duval County, Florida.

"State of Florida
      v.
"Arthur Yeager.

"To all and singular The Constables and Sheriffs of the State of Florida.

"Whereas E. L. Moler, Agent of the Purity Ice Cream & Dairy Company hath made oath before me that A. Yeager did, on the 8th day of February, 1919, unlawfully

use bottles of the Purity Ice Cream & Dairy Company, on which was blown, etched, stamped or engraved the word 'Purity's' by filling the same with milk or cream; that said word 'Purity's' has been registered as provided by law; that said defendant is engaged in the manufacture or sale of milk:

"Now, theerfore, This is to command you that you enter in the day time upon the premises, or in the milk wagons of the said defendant, and make diligent search for any bottles on which the word 'Purity's' is stamped, blown, etched, or engraved, and you shall bring before me such bottles as may be found as described above, together with the persons in whose possession you find the same, and this you shall do with all convenient speed.

"In witness whereof, I have hereunto set my hand and official seal, in said county and district, this the 8th day of February, A. D. 1919.

"(Signed) Jno W. DuBose,
"Justice of the Peace, 10 District, Duval County, Florida."

At the trial before the said Justice of the Peace, the petitioner was committed for trial to the Criminal Court of Record for Duval County, and is now deprived of his liberty in the custody of the sheriff of said county. The petitioner before the Circuit Court for Duval County sued out the writ of *habeas corpus*, alleging in his petition for the writ that he is now in the custody of said sheriff, who is holding him by virtue of said trial and commitment, and that he is being unlawfully detained of his liberty, and submits:

"First: That the evidence taken and attached hereto

fails to show a violation of any law of the State of Florida.

"Second: That Chapter 4584, Acts of 1897, of the Laws of Florida, now being Sections 3165, 3166, 3167, 3168 and 3345, of the General Statues of Florida, is invalid and unconstitutional;

"a.   Because said legislation denies to petitioner his rights of acquiring, possessing and protecting his property, guaranteed to him by Section 1 of the Declaration of Rights;

"b.   Because said legislation undertakes to deprive petitioner of his property without due process of law, in violation of Section 12 of the Declaration of Rights of the Constitution of Florida and of the Fourteenth Amendment to the Constitution of the United States;

"c.   Because said legislation violates petitioner's rights to be secure in his person, houses, papers and effects, against unreasonable searches and seizures, contrary to Section 22 of the Declaration of Rights of the Constitution of the State of Florida and of the Fourth Amendment to the Constitution of the United States;

"d.   Because said legislation permits the issuance of warrants without probable cause and without particularly describing the place to be searched or the person to be seied, in violation of Section 22 of the Declaration of Rights of the Constitution of the State of Florida and the Fourth Amendment to the Constitution of the United States;

"e.   Because of said legislation is special and regulates the jurisdiction and duties of judicial officers and provides for the punishment of crime or misdemeanor, and regulates the practice of courts of justice other than mu-

nicipal courts, contrary to the provisions of Section 20 of Article III of the Constitution of the State of Florida.

"f. Because said legislation is arbitrary and constitutes an unreasonable classification; and

"g. Because the provisions of said legislation are not intended, and do not tend, to protect the public health, morals, safety or welfare.

"h. Because said legislation denies to petitioner the equal protection of the laws.

"WHEREFORE, petitioner prays that he may be discharged from the custody of the Sheriff of Duval County, Florida, and restored to his liberty; and for a writ of habeas corpus directed to said sheriff."

At the hearing before the Circuit Judge the petitioner was remanded to custody. For review of this judgment the petitioner obtained a writ of error from this court.

The constitutionality of Chapter 4584, Laws approved June 5th, 1897, entitled "AN ACT to Protect the Owners of Bottles, Boxes, Siphons, Fountains, Tins or Kegs Used in the Sale of Soda Water, Mineral or Areated Waters, Porter, Ale, Beer, Cider, Ginger Ale, Milk, Cream, Small Beer, Lager Beer, Weiss Beer, White Beer or other Beverages, or Medicines, Medical Preparation, Perfumery, Oils, Compounds or Mixtures," brought forward into the General Statutes of 1906 as Sections 3165, 3166, 3167, 3168 and 3345 thereof, is assailed on the above stated grounds.

So far as our research has been able to discover, the courts of last resort of the following named American States have passed upon the questions here presented of the constitutionality of substantially the same statutes, *viz*: New York, Massachusetts, Kentucky, and by an

intermediate court California, Illinois, Ohio, Missouri and Indiana.

In the first three named States New York in the case of People v. Cannon, 139 N. Y. 32, 34 N. E. Rep. 759; Commonwealth v. Anselvich, 186 Mass. 376, 71 N. E. Rep. 790, and Kentucky in the case of Commonwealth v. Goldberg, 167 Ky. 96, 180 S. W. Rep. 68, and in the State of California in the District Court of Appeals of the Second District in the case of Bartolloti v. Police Court of City of Los Angeles, 35 Cal. App. 372, 170 Pac. Rep. 161. such statutes have been sustained and upheld as constitutional. While in the four last named States their courts of last resort, Illinois in the cases of Lippman v. People, 175 Ill. 101, 51 N. E. Rep. 872, and Horwich v. Walker-Gordon Laboratory Co., 205 Ill. 497, 68 N. E. Rep. 938, 98 Am. St. Rep. 254, Ohio in the case of State v. Schmuck, 77 Ohio St. 438, 83 N. E. Rep. 797, 122 Am. St. Rep. 527, and Missouri in the case of State v. Baskowitz, 250 Mo. 82, 156 S. W. Rep. 945, Ann. Cas. 1915A 477, and Indiana in the case of State v. Wiggam, — Ind. —, 118 N. E. Rep. 684, have held such statutes to be unconstitutional and void, as being unreasonable and arbitrary class legislation. We agree fully and clearly with the reasoning of the courts of the last fou. named States in the case above cited, with constitutional provisions substantially like our own they declare with unanswerable reasoning that substantially the same statutes as that under consideration is violative of the organic law, and we agree and concur fully with their reasoning. The perfectly harmless and innocent act within itself, that of refilling a glass bottle, is made penal by the statute merely because this statute prohibits it, yet the same statute penalizes the innocent act of refilling it only when and only so long

as the same bottle belongs to the highly favored class who have registered it. The moment the ownership of the bottle changes to that of another person or persons, it may be filled and refilled *ad libitum*, without in the least violating this or any other law.

We think this feature of the statute under consideration is an unjust and unreasonable legislative delegation to the class of people who own a very common and ordinary class of personal property an attribute to that property, *viz*: its inhibited refillment, while and only so long as it remains their property.

It was asserted in the argument that this statute was adopted from the laws of New York. We do not know whether it was or not. But the States above named of Illinois, Ohio, Missouri and Indiana, and, as was asserted in one of the cases above cited, many of the other States, have statutes on their books substantially the same as the Florida statute in question, and the questioned statute may have been adopted here from one or more of the last named States whose courts have adjudged them to be un-constitutional class legislation, instead of from the State of New York.

We are clearly of the opinion that the said statute violates the spirit if not the letter of our organic law in the respects in which it is assailed and is therefore void, and that the petitioner should be discharged from custody without delay, at the cost of Duval County.

BROWNE, C. J., AND ELLIS, J., concur.

WHITFIELD AND WEST, J. J., dissent.