STATE *ex rel* JOSE OTERO v. J. R. McLEOD, Sheriff.

190 So. 596

Opinion Filed July 14, 1939

*Caraballo, Graham & Caraballo,* for Plaintiff in Error;
*Charles F. Blake,* for Defendant in Error.

PER CURIAM.—Plaintiff in error, a milk distributor, was arrested for refilling and offering for sale the contents of a milk bottle bearing the trade name of another. The milk contents of the bottle was properly labeled by the plaintiff in error with his name, grade, and classification of the milk as required by law. He was on habeas corpus remanded to the custody of the defendant in error and sued out this writ of error.

The sole question is whether or not the legislature can punish by fine and imprisonment a milk distributor who

refills and sells or offers for sale milk in a bottle branded with the name, label, or trade mark of another.

It is argued that the title to the Act, Chapter 17104, Acts of 1935, is insufficient, that it is not a valid exercise of the police power, that it is class legislation and that it is arbitrary and unreasonable.

To support this contention, Yeager v. State, 78 Fla. 354, 83 So. 525, and cases there cited, is relied on. We do not think the latter case rules the case at bar. There the Court was concerned with Chapter 4584, Acts of 1897, which made the mere act of refilling any bottle, box, siphon, fountain, tin, or keg, the property of another and used for the sale of soda water, mineral water, porter, ale, beer, cider, ginger ale, milk, cream, and other products, a crime and punishable as such.

In the case at bar, we are concerned with Chapter 17104, Acts of 1935, which was designed to protect the trade name or mark of those engaged in the distribution of milk, cream, or milk products. It applies only to receptacles used for milk distribution when the name, label, or trade mark of the owner is stamped thereon and excepts those not so stamped from its provisions. The owner may give permission for these to be used and relieve them from the provisions of the act. The ultimate purpose of the act was to protect the trade name of the owner, a factor that was not present in Yeager v. State, *supra,* and cases there cited. Since it applied only to milk and milk products, it was warranted in the interest of public health.

We do not think the assault on the Act was sustained either as to body or title, so the judgment below is affirmed.

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.