Gants, J.
On January 28, 1999, this Court allowed the defendants’motion to dismiss under Mass. R.Civ.P. 12(b)(6), finding that the conduct alleged against both defendants in the complaint was protected under the doctrine of absolute judicial immunity. The plaintiffs now file a Notice to Amend Finding, asking this Court to amend note 3 on page 2 of that Memorandum of Decision and Order, which reads:
Part 1, Article 12 of the Massachusetts Constitution provides that every criminal defendant has the right “to be fully heard in his defence by himself, or his counsel, at his election.”
The plaintiffs argue that, when enacted, Part 1, Article 12 of the Massachusetts Constitution read in pertinent part:
And every subject shall have a right to produce all proofs, that may be favourable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his council, at his election.
The plaintiffs are correct that the original text of that provision uses the spelling, “council,” rather than “counsel.” To the extent that their motion asks this Court to acknowledge that fact, it is so acknowledged. Yet, for the reasons given below, there is no need to amend note 3 of the January 28, 1999 Memorandum • of Decision and Order.
In the years subsequent to the ratification of the Constitution of the Commonwealth of Massachusetts, there were numerous efforts to call a new constitutional convention to restructure and revise the Constitution. Finally, in 1916, a constitutional convention was called by popular vote. The convention met periodically from 1917 until 1919. A rearrangement of the Constitution was adopted on August 12, 1919 and ordered to be submitted to a popular vote. On November 4, 1919, the rearrangement was approved and ratified by the citizens of the Commonwealth.
Under the rearranged version of the Constitution, the relevant portion of Part 1, Article 12 reads:
And every subject shall have a right to produce all proofs, that may be favorable to him; to meet the witnesses against him face to face, and to be fully heard in his defence by himself, or his counsel, at his election.
The only changes made in the language were that “favorable” and “counsel” were substituted for the old English “favourable” and “council.” Thus, under the rearrangement of the Constitution as ratified by the people of Massachusetts at the state election in 1919, eveiy person held to answer for any crime shall have the right to “counsel.”
This rearrangement of the Constitution, however, has been held not to be the official constitution or form of government for the Commonwealth of Massachusetts. Opinion of the Justices, 233 Mass. 603, 611 (1919). The Supreme Judicial Court in that case declared:
It is unthinkable that it was intended that there should be at one and the same time two different and separate constitutions. That would be a con *629 tradiction of terms. Either the rearrangement or the Constitution of 1780 with its amendments must be the Constitution. They cannot both be concurrently effective as Constitutions. A written constitution is the fundamental law for the government of a sovereign State. It is the final statement of the rights, privileges and obligations of the citizens and the ultimate grant of the powers and the conclusive definition of the limitations of the departments of state and of public officers ... To its provisions the conduct of all governmental affairs must conform. From its terms there is no appeal. Such a great charter cannot itself in the nature of things be made subject in its “meaning or effect” to another instrument. In that event it is not final and that other instrument becomes paramount. . . Therefore the rearrangement cannot be itself the fundamental law. It is a rearrangement of the old, it is not the creation of a new form of government.
The rearrangement of the Constitution is an important instrument. It purports to present in unified form and in logical sequence the existing and operative provisions of the Constitution. It possesses all the sanctions naturally flowing from the circumstances attendant upon its origin, composition, adoption, approval and ratification. Doubtless its convenience and accessibility are its abundant justification.
We therefore answer that in our opinion the “Rearrangement of the Constitution" described in the order of the Governor and Council is not “the Constitution or form of Government for the Commonwealth of Massachusetts.”
Id. at 610-11. See also Lorin v. Young, 239 Mass. 349 (1921).
Yet, although the 1780 Constitution is the “official” constitution, the term “counsel” was used instead of “council” in the decisions of the Supreme Judicial Court before the 1919 Rearrangement of the Constitution.[1] Though “council” was used in the original drafting of the document, it appears that the Court has always interpreted this provision to mean an attorney, much as “right to counsel” in the Fourth Amendment to the United States Constitution has always been interpreted to mean an attorney.[2] Though the word “council” is used in the 1780 Constitution, this Court must abide by the interpretation the Supreme Judicial Court, as the authoritative voice on the meaning of the Constitution of the Commonwealth, has given to that word.
Having furnished this discourse, it should be emphasized that it has no bearing on the decision to dismiss the complaint, which was compelled by the doctrine of absolute judicial immunity regarding the conduct alleged, not on this Court’s interpretation of Part 1, Article 12 of the Massachusetts Constitution.

See Commonwealth v. Hill, 145 Mass. 305, 307 (1887); Commonwealth v. Mullen, 150 Mass. 394, 399 (1890); Commonwealth v. Dill, 160 Mass. 536 (1894); Commonwealth v. Goldstein, 180 Mass. 374 (1902); Comonwealth v. Coughlin, 182 Mass. 558, 563 (1903); In re Carver, 224 Mass. 169, 172 (1916). To my knowledge, every case since the 1919 Rearrangement has referred to the right to “counsel.” See Commonwealth v. Harris, 231 Mass. 584, 586 (1919); Commonwealth v. Millen, 289 Mass. 441, 476 (1934); Commonwealth v. Mangan, 293 Mass. 531, 532 (1936); Commonwealth v. Mott, 2 Mass.App.Ct. 47, 50 (1974); Commonwealth v. Conefery, 410 Mass. 1, 11 (1991); Commonwealth v. Owens, 414 Mass. 595, 602 (1993); Commonwealth v. Rainwater, 425 Mass. 540, 553 (1997).

“Counsel” within the Sixth Amendment does not include a lay person but refers only to a person authorized to practice law. U.S. v. Grismore, 546 F.2d 844, 847 (10th Cir. 1976).